## DOLPHIN VS. PEDLEY.

HIGHWAY:  (1.) *Proceedings necessary to a legal laying out.*  (2.) *Three years' limitation, when applicable.*

1. A highway is not legally laid out unless the commissioners, within the ten days prescribed by the statutes (R. S. ch. 19, sec. 58; Laws of 1860, ch. 24), file with the town clerk their order describing such highway, and an award of damages to *all* the persons through whose land it passes, and who have not released the damages.

2. Where the statute was not complied with in laying out the road, the three years' limitation (ch. 19, sec. 86) will not apply in an action for obstructing the road, unless the same is shown to have been opened and worked at the point of such obstruction, for the full space of three years after such laying out.

APPEAL from the Circuit Court for *Iowa* County.

Trespass *quare clausum.*   Answer, that the *locus* was highway, which plaintiff willfully obstructed, and that defendant, as overseer of highways, removed the obstruction.    The proceedings for laying out said highway, referred to in the opinion, *infra*, were had in 1860; and the action was commenced in 1870.

Verdict and judgment for the defendant; and the plaintiff appealed.    The grounds of the appeal will sufficiently appear from the opinion.

*Alexander Wilson*, for appellant, argued, among other things, that under sec. 58, ch. 19, R. S., the order laying out the road, and the filing of an award of damages were both essential to a legal laying out of the highway, and that where either of these essentials was omitted, the short statute of limitations provided by sec. 86 would not apply.

*M. M. Cothren*, for respondent.

COLE, J.   It seems to us that the second instruction given by the court, which was excepted to, was calculated to mislead the jury to the prejudice of the plaintiff.    That instruction was, that the record of the road laid out, and the order establishing the same,

were sufficiently formal, provided it appeared that the survey corresponded with the road upon which the obstruction was built; and that the records produced would inform the jury what road had been laid out, and what discontinued.

The objection to this instruction is, that it was equivalent to telling the jury that the records which were offered in evidence on the part of the defendant, showed that a legal highway had been laid out by the town authorities over the *locus in quo;* that is, the records showed a full compliance with the statute in respect to the laying out of highways. This was incorrect, when those records were considered in connection with the evidence in the cause. The witness Hird, who was one of the commissioners who laid out the road, says, there were persons who owned land across which the road was laid, to whom the commissioners did not award damages, and who did not release the damages sustained by them in consequence of the road being laid through their land. The records showed that damages were awarded only to Henry Reynolds and John Tremelling. Now the statute expressly provides that when the supervisors lay out a highway, they shall make out an order containing a description thereof, and file such order, together with the award of damages, in the office of the town clerk; and that if they " fail to file such order and award within ten days " after laying out the highway, " they shall be deemed to have decided against such application." Section 58, chap. 19, R. S., as amended by chap. 24, Laws of 1860. So it is evident that the supervisors did not comply with the provisions of the statute in laying out the highway in question, and omitted to award damages to all persons through whose land the highway was laid out and who did not release such damages. This was the omission of a very important matter, and showed that the requirements of the statute were not com-

plied with by the supervisors. It was incorrect; therefore, for the court to instruct the jury that the records produced on the trial would inform them what road had been laid out, since it was equivalent to telling them that these records showed that the provisions of the statute upon the subject had been fully complied with.

A number of other objections were taken to the regularity and formality of these records, but we think them untenable. And had not the evidence shown that there was a failure to award damages as the statute required, the records would show a legally laid out highway.

The question then arises, Does this instruction become immaterial under the three years' limitation? The statute provides that all highways laid out by the supervisors of any town and recorded, any portion of which shall have been opened and worked for the term of three years, shall be deemed to be legal highways so far as they have been so opened and worked, notwithstanding the statutes may not have been in all respects complied with in laying them out. Section 86. The evidence shows that work has been done on this highway; but how much and where the work was done, does not appear. Hird says, " there has been work done on the road, and at the place the obstruction was placed;" but he does not say that it has been opened and worked there for three years. Pedley testified that " work has been done on the road; the road tax has been worked on it;" but where and for how many years, he fails to tell; except he says that he had " worked on this road near where the obstruction was placed." Holmes says that he was overseer in 1862, and worked on the road, but is entirely indefinite as to where the work was done. But this testimony is too indefinite and uncertain to show that the road in fact had been opened and worked at the point of obstruction for three years after it was laid

out, so as to make the above limitation apply to it. And the evidence equally fails to show that there has been ten years' continuous and uninterrupted use of the highway, so as to bring it within the last clause of section 85. And as the bill of exceptions states that it "contains all the testimony in the case," we cannot presume that such user was shown. The case, as it now stands, would seem to turn upon the question whether the records introduced showed that the highway was legally laid out under the statute; and in this view the second instruction above referred to becomes material. As we consider that instruction erroneous, for the reasons above given, there must be a new trial.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial awarded.