McKee, Respondent, vs. Hull, Appellant.

*October 17 — November 1, 1887.*

Highway: *Compensation for land taken: Invalid proceedings no defense for trespass in opening: Parol waiver of damages no estoppel.*

1. A failure on the part of town supervisors, on laying out a highway, to award damages to one of the owners of land taken therefor, or to procure from him a written release of such damages, as provided by sec. 1270, R. S., invalidates their whole proceedings in relation thereto, and any person interested in defeating such highway can take advantage of the irregularity.

2. A person whose land is taken for a highway may waive his right to damages for the taking, but such waiver, to be effectual, must be either by written agreement with the supervisors or by written release, and, *it seems*, such writing must be filed in the town clerk's office with the other papers. A parol promise to allow the road to be laid through his land and not to claim any damages is a mere license, revocable at pleasure at any time before the road is actually opened for public use, and will not estop such owner from claiming damages.

3. Proceedings of town supervisors in laying out a highway, which are invalid for want of an award of damages to one of the owners of lands taken therefor, or of a release of damages by him, afford no protection to a highway officer who proceeds, by order of the supervisors, to open such highway through the land of another owner, against his objection.

APPEAL from the Circuit Court for *Grant* County.

The facts are sufficiently stated in the opinion.

The cause was submitted for the appellant on the brief of *Carter & Cleary*, and for the respondent on that of *W. H. Beebe*.

For the appellant it was contended that damages were properly awarded to the respondent *McKee*, for laying the highway through his land, and he did not appeal therefrom, and a town order for the amount was duly tendered to him. Due notice was also given him to remove his fence, and he had refused to comply therewith, before the defendant, as road overseer, removed the same by order of the supervisors. The only defect claimed in the laying out of the highway in question was the failure to award damages to one Hook, the owner of other land taken for such highway, or to procure a release of damages from him. The decisions in *Norton v. Peck*, 3 Wis. 714; *Hood v. Finch*, 8 id. 381; *Lumsden v. Milwaukee*, id. 485, and *Smeaton v. Martin*, 57 id. 364, go no further than to hold that a land-owner to whom no damages are awarded may take advantage of the irregularity.

A taking of land for a highway, with the consent of the owner, is not unconstitutional, though that consent be verbal merely. Only such owner can revoke his verbal assent. *Squires v. Neenah*, 24 Wis. 588. However irregular may have been the proceedings to lay out a highway, the acceptance of damages by one of the land-owners makes it a legal road, as to him at least. *Schatz v. Pfeil*, 56 Wis. 429; *Moore v. Roberts*, 64 id. 538. Taking the compensation awarded, and acquiescing in the opening of the road, constitute a complete dedication and an estoppel *in pais*. *Connehan v. Ford*, 9 Wis. 244; *Dubuque v. Maloney*, 9 Iowa, 455; *Karber v. Nellis*, 22 Wis. 215. Here all the proceedings necessary to give the board jurisdiction to lay the highway were regular, and the various decisions based on want of jurisdiction do not apply. To decide that the failure to

award damages to one land-owner on the line of the highway renders the whole proceedings void, especially where he has opened the same on his land and thus dedicated it, would lead to great inconvenience and absurdity. It would be contrary to the object of sec. 1270, R. S., which was to furnish the land-owner. a ready means for obtaining compensation for his land. No time is fixed by the statute for filing the agreement as to damages, nor is the release required to be filed at all.

For the respondent it was argued that the statute requires the question of damages to be put at rest in some way before the order laying out a highway is made. The provisions of the statute must be strictly complied with, as the rights of the public as well as of individuals are affected thereby. *Austin v. Allen*, 6 Wis. 134; *Dolphin v. Pedley*, 27 id. 469; *Damp v. Dane*, 29 id. 429.

TAYLOR, J. The respondent brought an action in justice's court against the appellant for wrongfully breaking and entering the plaintiff's close, and throwing down and destroying his fences. The defendant answered that the *locus in quo* was a public highway; that he did the acts complained of for the purpose of removing the fences of said plaintiff from said highway, and that what he did was by order of the board of supervisors of the town, for the purpose of opening such highway. The defendant gave the proper bond, and the case was sent to the circuit court of the county, where the same was tried. On the trial the jury assessed the plaintiff's damages at $3.75, and, by consent of the parties, the court was to order judgment either for the plaintiff for said damages, or for the defendant, if he found that as a matter of law the entry and alleged trespass were justified by the evidence in the case. Thereupon the court ordered judgment in favor of the plaintiff for the

said damages and the costs of the action.    From the judg-ment so ordered the defendant appealed to this court.

The counsel for the appellant in a very able brief con-tended that the evidence clearly established the following facts, viz.:    That the supervisors of the town had regularly laid out a highway in said town over the *locus in quo*, and, after laying out the same, had ordered the same opened as a highway, and notified the plaintiff to remove his fences from within the bounds of such highway; that the plaintiff had neglected to so remove said fences for more than thirty days after the service of such notice, and thereupon the su-pervisors directed the defendant, the overseer of the high-way of the district in which said alleged highway was located, to remove such fences and open such road, and that in pursuance of such order the defendant did the acts complained of.

After a careful consideration of all the evidence in the case showing all the proceedings taken by the supervisors in their attempt to lay out a highway over the place where the alleged trespass was committed, we find no irregularity which would render the proceedings void, except the omis-sion to make an award of damages to Hook, one of the owners of the lands over which the road was attempted to be laid.    This question has been the main point argued in this court by both parties, and we are led to believe it was the point upon which the learned circuit judge declared the proceedings of the supervisors void, and no protection to the defendant.    The evidence shows that Hook was a peti-tioner for the highway, and that such proposed highway led from an existing highway across the lands of the plaint-iff for about eighty rods west, and then extended west eighty rods more on the line between the lands of the plaintiff and of the said Hook, and terminated upon the lands of said Hook.    The evidence also shows that there was an

award of damages to the plaintiff, but no award of damages to Hook. It also appears that Hook stated orally to the supervisors that he did not want any damages, and waived all damages for his lands taken by the highway. There was no agreement in writing between said Hook and the supervisors in regard to his damages, and no written release of damages given by him to the supervisors or to the town.

This court has held that the supervisors of a town must comply with every substantial requirement of the statute regulating the laying out and opening of highways, otherwise their proceedings will be void. It has also held that certain provisions of the statute are provisions in which the public are interested, such as the presentation of the required petition, the giving of the public notice, the making of the order within the time prescribed by law, and other matters of a like nature; and as to such matters, neither one nor all the persons peculiarly interested can waive their performance. This court has also held that there are other matters which are personal to some of the people; among these is the requirement that written personal notice shall be given to the owners of the lands required to be taken for the road. The service of this notice may be dispensed with when the owner expressly waives such personal notice. And so with the award of damages which the statute requires should be made to each owner of land over which any part of the proposes road is to be laid. This award may be waived, and if waived in the manner prescribed by statute, the proceedings will be valid. In the case of the notice, if the person entitled to receive it has waived such notice in a manner that will bind him, no other party interested in the highway can allege the want of such notice as an irregularity in the proceeding. At the same time, this court has held that when such personal notice has not been given, and has not been waived by the party entitled to receive it

so as to bind him, such irregularity in the proceedings may be taken advantage of by any other party, and the proceedings will be held void for such irregularity, unless the party complaining has in some way estopped himself from attacking the legality of the proceedings, as by receiving the compensation awarded to him for his lands taken for the highway.

A failure to award damages, or in lieu thereof, to procure a release of damages, from an owner or owners of land taken for the highway, may be alleged by any other person interested in defeating the laying out of the highway as an irregularity. This we think was clearly decided in the case of *Dolphin v. Pedley*, 27 Wis. 469. The head-note in this case reads as follows: "A highway is not legally laid out, unless the commissioners, within the time prescribed by the statute, file with the town clerk their order describing such highway, and an award of damages to *all* the persons through whose land it passes, and who have not released the damages." The word "all" is italicized in the head-notes, and seems to have been justified by the language of the opinion in the case. There should have been another qualification added to the last clause of the head-note, "or who have not made an agreement in writing with the supervisors in regard to their damages." The omission of this qualification in the head-note and in the opinion does not detract from the force of the decision. In the opinion in this case the present chief justice says: "Now the statute expressly provides that where the supervisors lay out a highway, they shall make out an order containing a description thereof and file such order, together with the award of damages, in the office of the town clerk; and that, if they fail to file such order and award within the ten days after laying out the highway, they shall be deemed to have decided against such application. So it is evident that the supervisors did not comply with the provisions of the stat-

ute in laying out the highway in question, by omitting to award damages to all the persons through whose lands the highway was laid out, and who had not released such damages. This was the omission of a very important matter, and showed that the requirements of the statute were not complied with by the supervisors."

This opinion, it seems to us, settles the question that any one interested in defeating the highway may take advantage of the neglect to award the damages as required by the statute; and that such objection is not confined to the person whose damages have not been assessed or released, and is in harmony with the cases which hold that any one interested may take advantage of the want of the personal notice to the owners of the land, required to be given by the statute, and that such want of personal notice will render the proceedings void, in the absence of proof showing that such notice was waived by the person or persons entitled thereto and who were not served. It is urged by the learned counsel for the appellant that this case is not in point because it does not appear but that the party complaining was one of the persons whose damages had not been assessed. The facts of that case do not show that the complaining party was a land-owner whose damages had not been assessed, and if that had been considered a material matter by the court, it seems to us it would have been mentioned. Independent of the fact that it is the command of the statute and must therefore be performed, there is a sufficient reason why any party may allege the defect, other than the person entitled to the notice or damages. There can be no question but that the person who had not received the notice, as required by law, or whose damages had not been assessed, and who had not waived such notice, or award of damages, could defeat the opening of the highway, and it would work hardship to every one if it could be opened on one day, notwithstanding the objection of

a party who had notice, or whose damages had been awarded, and on the day after it could be closed by the party who had no notice, or whose damages had not been awarded. Every one having an interest in the highway has an interest to see to it that it is so laid out and opened that it cannot be closed at the will of some other party on the line thereof.

While we think this court has settled the rule that any one interested may attack the validity of the proceedings of the supervisors in laying out a highway, and defeat such proceedings, when they have not complied with the statute, although the irregularity relates to matters which may be personal to some of the parties interested, we think it is equally well settled that, as to such matters as are personal to some of the owners of the lands taken, such persons may waive the doing of such acts. *Ruhland v. Supervisors*, 55 Wis. 664, 668; *Roehrborn v. Schmidt*, 16 Wis. 519; *Karber v. Nellis*, 22 Wis. 215; *Austin v. Allen*, 6 Wis. 134, 142.

The only other material question is whether Hook has waived his right to damages for taking his land, in such a way as would have estopped him from objecting to the opening of this proposed highway at the time the same was opened by the defendant in this action.

The statute (sec. 1270, R. S.) provides, first, that the supervisors may agree with the owners through whose land a highway shall be laid out, as to the damages a town shall pay, and it requires that such agreement shall be in writing, signed by the owner and the supervisors, and filed in the office of the town clerk, and then prescribes " that every such agreement and every release of damages given shall forever preclude such owner," etc. Immediately following this language the same section provides: "If there be any owner, etc., . . . who shall not agree with the supervisors as to the compensation he shall receive for damages sustained by him by reason of the laying out, etc., . . .

of such highway, and who shall not, previously to the making of the order laying out, etc., . . . deliver to said supervisors a written release of all claims for such damages, said supervisors shall at the time of making such order assess the damages which such owner will sustain by reason of the laying out, etc., . . . . through his lands, and make an award in writing, specifying therein the sum awarded by them to each of said owners for their respective damages."

The evidence in this case shows that no written agreement was made between the supervisors and the said Hook as to the damages he should receive; that no written release was given as prescribed by law; and that no award of damages was made by the supervisors to him.

On the face of the proceedings it is clear that the supervisors have failed to proceed in the manner prescribed by the statute, and consequently these proceedings are irregular and void, unless the evidence discloses facts which would have estopped the said Hook from objecting to the opening of said highway, at the time the same was opened by the defendant. The only evidence upon which an estoppel can be based is the testimony of Hook himself. He says: " I did not claim any damages of the town for running that road there. It was the understanding that I was not to claim any and I never did claim any." " I told them when they were there that I was willing to have that road run on my land, after it struck my land." This at most was a parol license to the supervisors to lay out the highway over his land, without awarding him any damages, and it is clear that it could be revoked at any time before the supervisors actually opened the road for public use. This was so decided in the case of *Squiers v. Neenah*, 24 Wis. 588. In that case it was held that the parol consent of the owner that the village authorities might lay out a street across his lands without the payment of damages or condemning the

same, as required by the constitution, could be revoked at any time before the street was in fact open for public use, and he was himself allowed to maintain an action of trespass against the authorities for opening the street against his consent. Under the authority of that case it is evident that Hook could have prevented the opening of the highway in question, notwithstanding his statement that he did not claim any damages, and that it was understood that he was not to claim any damages. If Hook could at that time have prevented the opening of the highway, then under the authority of *Dolphin v. Pedley*, *supra*, we think the plaintiff could. What the effect of a written release of damages given to the supervisors by Hook, after the order laying out the highway had been made, or what would have been the effect if the highway had been opened by the supervisors at the express request of Hook, are questions not in this case and are not decided.

There are certainly two reasons why this parol arrangement did not estop the said Hook from objecting to the opening of the highway across his land: *First*, the right to maintain a highway across his land is an interest in real estate, and cannot be granted except by writing. The fact that the justice is ousted of his jurisdiction by the plea that the *locus in quo* was a highway shows this. *Second*, because the statute in very clear terms declares that the only way he can bar himself from claiming damages is either by an agreement in writing or by a written release, and, outside of the statute, he could only be barred by an estoppel *in pais*.

There is some reason for this provision of the statute. It is to make a public record accessible to all, which will show that such waiver of damages has been made in a way to bind the party effectually, and so assure other parties interested that he has no power to avoid the proceedings on that account. Without such a provision, there would always

remain a very great uncertainty as to the validity of the proceedings, which could only be conclusively settled by an action to try their validity. The learned counsel in his supplemental brief says the statute does not require that the written release spoken of in the statute should be filed in any public office, and so there is no force in this reason. We think this is a mistake. Sec. 1279, R. S., provides that all applications and other papers relating to laying out any highway shall be filed in the office of the town clerk, as soon as the supervisors have decided thereon. Under this section we think a release of damages taken in such proceedings should be filed in said office. Hook not having estopped himself from objecting to the opening of the highway, when the defendant proceeded to open it against the objection of the plaintiff, the proceedings of the supervisors were no protection to the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.

