STATE EX REL. JARMAN, Appellant, vs. ROOT and others, Town Supervisors, Respondents.

*September 22—October 18, 1921.*

*Highways: Laying out: Width: Presumptions.*

1. Evidence showing, among other things, that a highway was laid out in 1862 four rods wide along a section line, but that the two rods west of the section line had never been used as

18]      AUGUST TERM, 1921.      189

State ex rel. Jarman v. Root, 175 Wis. 188.

a highway or damages awarded to the owners on that side, who had continued to use the land to such line, along which a fence had been maintained to the present time, and that the two rods on the east side had been continuously used as a road, is *held* to warrant a finding of the trial court that the highway did not legally extend beyond the west fence.

2. To constitute a lawfully laid out highway there must be proof, or a presumption, that damages have been awarded, or a release obtained, or a dedication made.

APPEAL from a judgment of the circuit court for Green county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

Action of *mandamus* to compel the supervisors of the town of Brooklyn, Green county, to remove or to take action to remove a fence alleged to be an encroachment upon a highway used by relator.

The court found as facts that the highway in question, running south from the center of section 21, was laid out in 1862 four rods wide; that only the east two rods were ever opened up or traveled; that a fence in substantially the same place it now occupies has been maintained north and south on or near the quarter line of the section, preventing travel on the west two rods of the road as described in the order laying out the highway, and that there is no record of any damages to the owners of land lying west of the quarter line of section 21, and such owners have continuously claimed and exercised the right to use as farm land the west two rods of the highway as laid out, and have maintained a fence on the east side of said two-rod strip since the road was laid out.

The court found as conclusions of law:

"1. That the highway mentioned in the relator's petition has no legal existence westerly of the fence now existing and standing substantially on the north and south quarter line of said section twenty-one (21) and for a distance of eighty (80) rods south from the center of said section.

"2. That the supervisors of the said town of Brooklyn properly exercised their discretionary power in refusing to proceed to enforce the removal of the fence complained of in the relator's petition, in view of the attitude of the owner

of said fence and of the land immediately to the west thereof, and in view of the fact that such action would involve them in uncertain litigation at best.

"3. That the defendants are entitled to judgment denying the peremptory writ of *mandamus* dismissing this action and for their costs and disbursements against the relator."

From a judgment entered accordingly the relator appealed.

For the appellant there was a brief by *H. N. B. Caradine* and *Mahlon H. Caradine,* attorneys, and *John L. Sherron,* of counsel, all of Monroe; and the cause was argued orally by *H. N. B. Caradine* and *Mahlon H. Caradine.*

For the respondents there was a brief by *W. H. McGrath* of Monroe, and *Jeffris, Mouat, Oestreich, Avery & Wood* of Janesville, and oral argument by *Mr. M. C. Mouat* and *Mr. McGrath.*

VINJE, J.  It is not clear from the amended petition whether the action is one to compel the supervisors to remove the fence as an encroachment or one to compel them to institute proceedings under sec. 1330 *et seq.,* Stats. 1919, for its removal.  We shall construe it, however, to be the latter.

The trial court found there is no record of an award of damages to the owners of the west two-rod strip of the highway as laid out, though there is evidence that other owners were awarded damages.  Such a state of the record, in connection with the facts shown by the evidence to the effect that there is no proof that the west two-rod strip was ever opened up as a part of the highway; that there is no proof that the fence had ever occupied a substantially different place than the one it is shown to have occupied since 1865, namely, on or near the north-and-south quarter line of the section, and that the owners have continuously since said date used the two-rod strip as a part of their farm and have claimed the right so to do, rebuts any presumption that

State ex rel. Jarman v. Root, 175 Wis. 188.

might arise from the lapse of time that damages had in fact been awarded or a release obtained. The witness W. R. Patterson, sixty-nine years of age, testified in 1920 that his memory of the road and fence extended back fifty-five years, and that the fence on the west was an old fence when he first knew it in 1865; that it had brush and shrubs of considerable size growing close up to it like old rail fences usually have. The trial court therefore was justified in finding that the two-rod strip had never been opened up as a highway and that no damages had been awarded to the owners of such strip or a release or dedication made. We thus have this situation: No proof of the two-rod strip ever having been opened up as a highway or that damages to its owners were awarded, but positive proof that for the last fifty years there has been a fence on the west side of the strip and that such strip for that length of time at least has been used as farm land under a claim of right by its owners to so use it. From such facts no other conclusion can legitimately be reached than that the two-rod strip never was and is not now a part of the highway and that the fence sought to be removed is not an encroachment upon the existing highway. To constitute a lawfully laid out highway there must be proof, or a presumption, that damages have been awarded or a release obtained or a dedication made. *Dolphin v. Pedley,* 27 Wis. 469; *McKee v. Hull,* 69 Wis. 657, 35 N. W. 49. Here we have no proof of an award of damages, and the facts as to user of the two-rod strip and location of the west fence rebut the presumption of an award or release or dedication.

*By the Court.*—Judgment affirmed.