FULLER, Respondent, vs. TOWN BOARD OF THE TOWN OF MADISON and others, Appellants.

*April 6—October 11, 1927.*

*Highways: Condemnation of land: Highway through plat: Damages to lotowner: Interest of other lotowners because of restrictive covenants.*

1. Where proceedings in laying out a highway through a town were in conformity with secs. 80.07 and 80.09, Stats., requiring an assessment of damages to the owner of the lot taken, adjoining lotowners in the same plat were not entitled to damages for taking part of a lot in which they had a property right under restrictive covenants prohibiting its use for anything but residential purposes.   p. 552.
2. Under said secs. 80.07 and 80.09, a town paying full compensation to a landowner for opening a highway cannot be required to pay more to those having an interest in the land through incumbrances, different estates, restrictive covenants, or otherwise, the question of the apportionment of the amount paid being determinable in some proper proceeding by the interested parties, especially in view of secs. 32.10 and 32.13, relating to compensation in eminent domain proceedings, and of the general statutes concerning eminent domain.   p. 553.
3. The fact that the town board assumed to assess damages to owners of other lands in the same plat did not vitiate the proceedings, it being simply the exercise of excess authority, which was a mere *nudum pactum*.   p. 553.

APPEAL from a judgment of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Reversed.*

For the appellants there was a brief by *Hill, Thomann & Beckwith* of Madison, and oral argument by *D. V. W. Beckwith.*

For the respondent there was a brief by *Schubring, Ryan, Clarke & Petersen,* and oral argument by *William Ryan* and *Ralph E. Axley,* all of Madison.

The following opinion was filed June 20, 1927:

OWEN, J.    It appears that *Jessica H. Fuller* platted a tract of land in the town of Madison into lots and blocks, said plat being termed "Fuller's Woods."    It was her purpose to make the land thus platted desirable for residential purposes.    To this end she inserted in all deeds of conveyances of various parcels sold by her certain restrictive covenants, imposing limitations upon the uses to which the premises may be devoted, among which is to be found the covenant that "said real estate shall be used exclusively for private dwelling purposes."    During the month of June, 1925, the town board of the *Town of Madison* laid out a highway in said town.    Said highway, as so laid out, extended over and across lot 11, in block 3, of the plat of Fuller's Woods.    It did not extend across any other land in said plat.    The town board made an award of damages to the owner of said lot 11.    It also assessed the damages which all other owners of lots in said plat would sustain by reason of a violation of such restrictive covenants resulting from devoting said lot 11 to the purposes of a highway, except that no award of damages was made to A. J. Marschall, who was the owner of lot 12, in block 2, of said plat.

Sec. 80.07 of the Statutes provides that whenever the supervisors of the town shall lay out any highway they shall make and sign an order therefor, incorporating therein a description of the highway so laid out, causing an accurate survey thereof to be made when necessary.    It is provided that such order shall be filed and recorded in the office of the town clerk, together with the award of damages required by sec. 80.09.    Sec. 80.09 provides that the damages sustained by any person through whose land any highway

shall be laid out, widened, or altered may be ascertained by agreement between the supervisors and such owner. If such agreement cannot be obtained, the supervisors shall be required to assess the damages which such owner will sustain by reason of the laying out of such highway through his lands, and make an award in writing specifying therein the sum awarded to said owners for their respective damages. Said award shall be signed by said supervisors and be filed in the office of the town clerk with the order laying out, widening, or altering said highway.

In *McKee v. Hull,* 69 Wis. 657, 35 N. W. 49, it is held that the failure of the town board to secure such an agreement or make such an award with respect to any of the lands across which said highway extends renders the proceedings laying out the highway void, and any person may challenge the validity of the proceedings. *Jessica H. Fuller* brings this action to restrain the town board from entering upon said lot 11, in said block 3, for the purpose of opening up or establishing a road across said block 3, on the ground that the proceedings laying out said highway across said lot are void, for the reason that no damages were assessed or awarded to A. J. Marschall, the owner of lot 12, in block 2, as aforesaid. From the judgment of the circuit court perpetually enjoining and restraining defendants from opening up said highway the defendants bring this appeal.

That the owner of each lot in the plat had a property right in each and every other lot in the plat by virtue of the restrictive covenants referred to, is well established. *Boyden v. Roberts,* 131 Wis. 659, 111 N. W. 701; *Roberts v. Gerber,* 187 Wis. 282, 202 N. W. 701; *Ward v. Prospect Manor Corp.* 188 Wis. 534, 206 N. W. 856. There is a division of authority in this country as to whether such covenants constitute property for which compensation must be made. It has been held that under such circumstances compensation must be made. *Allen v. Detroit,* 167 Mich.

464, 133 N. W. 317; *Flynn v. N. Y., W. & B. R. Co.* 218
N. Y. 140, 112 N. E. 913. This view was apparently
shared in *Chicago v. Ward,* 169 Ill. 392, 48 N. E. 927;
*Wilson v. Massachusetts Institute of Technology,* 188 Mass.
565, 75 N. E. 128; *Ladd v. Boston,* 151 Mass. 585, 24
N. E. 858. The contrary has been held in *In re Newlin,*
112 Fed. 622; *Wharton v. U. S.* 153 Fed. 876; *Doan v.
Cleveland Short Line R. Co.* 92 Ohio St. 461, 112 N. E.
505; *Herr v. Board of Education,* 82 N. J. L. 610, 83 Atl.
173. But whether the owners of adjacent lots are entitled
to compensation by the town by reason of these restrictive
covenants, we do not deem it necessary here to decide. We
hold that the proceedings laying out the highway were in
strict conformity with the statute, and, if adjoining lot-
owners are entitled to compensation, the statutes relating to
the laying out of highways make no provision for deter-
mining the amount of their damages, or for making an
award to them. The statute (sec. 80.09) provides, "The
damages sustained by any person *through whose land any
highway shall be laid out"* may be ascertained by agreement,
and if such agreement shall not be obtained, then such dam-
ages shall be assessed in the manner prescribed by the
statute. The only damages, however, which the town board
is required or authorized to assess are those damages sus-
tained by any person "through whose land any highway
shall be laid out." Now, whatever the nature of the in-
terest which the owners of adjoining lots have in lot 11 by
virtue of the restrictive covenants, they were not the owners
of lot 3, and they did not come within the terms of the
statute "through whose land any highway shall be laid out."
There may be incumbrances upon land, there may be dif-
ferent estates in land. But the proceedings with reference
to the laying out of highways make no provision for the
valuing of different estates in the land or of incumbrances
thereon. The supervisors are simply required to assess the
damages as a whole, and those damages are assessed to the

owner.   When the town pays the full amount of damages occasioned to the land through which the highway runs, it has paid full compensation.   It cannot be required to pay more.   If there be incumbrances upon the land, or different estates therein, the question of the apportionment of the total damage is not a matter committed to the town board, but must be determined in some proper proceeding instituted by the parties interested in the fund.   That such a contingency may arise is contemplated by the general statutes relating to eminent domain, and by sec. 32.13 conflicting rights to compensation paid for property may be determined.   This is true even though by sec. 32.10 the commissioners are required to determine the value of each separate estate in each parcel of land.   However, it is not contemplated that any more than the value of the land shall be paid for by the appropriator.   As the sum of the parts can be no greater than the whole, it follows that when the public has paid full value for the property taken, it has paid full value for every estate or interest therein.   When the town board assessed the damages resulting to lot 3 by reason of the laying out of the highway over the same, it not only exhausted its powers under the statute but fixed the full amount of compensation which the town is required to pay by reason of the taking.   If parties other than the owner of the lot make claim to any portion of the damages so awarded, that claim must be asserted in some appropriate proceeding.   The statutory proceedings for the laying out of a highway make no provision for the determination of such questions.

The fact that the town board assumed to assess damages to the owners of other lands in the plat did not vitiate their proceedings.   That was simply the exercise of excess authority, which was a mere *nudum pactum.*

It appearing that the action of the board of supervisors in assessing damages was in strict accordance with the requirements of the statute, so far at least as it is challenged

in this proceeding, it follows that the injunction was improvidently granted, and the judgment appealed from should be reversed.

*By the Court.*—Judgment reversed, and cause remanded with instructions to dismiss plaintiff's complaint.

STEVENS, J., took no part.

A motion for a rehearing was denied, with $25 costs, on October 11, 1927.