12891

SEABOARD AIR LINE RY. CO. v. McFADDEN ET AL.

(152 S. E., 809)

148 

*Messrs. Glenn & Glenn,* and *Thomas F. McDow,* for appellant,

*Messrs. Gaston, Hamilton & Gaston,* for respondents,

April 14, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The purpose of this action, commenced in the Court of Common Pleas for Chester County, March 21, 1927, is to enjoin and restrain the defendants, their agents, servants, and employees, from hindering the plaintiff or its employees from the "peaceful and complete removal," of a certain

overhead bridge in the Town of Ft. Lawn, S. C., described in plaintiff's complaint. In their answer the defendants denied that the plaintiff was entitled to the relief sought, and, upon issues being joined the matter was tried by his Honor, Judge J. K. Henry, without a jury, July, 1927, who, after taking and considering the testimony offered in the case, decided the case adversely to the plaintiff's contention, refused the injunction and other relief prayed for in plaintiff's complaint, and ordered the complaint dismissed. From the said order issued in the cause by his Honor, Judge Henry, and entry of judgment thereon, the plaintiff has appealed to this Court, upon grounds stated in plaintiff's exceptions, to which we shall hereinafter advert.

The facts alleged in plaintiff's complaint pertinent to the appeal, stated in substance, are as follows:

That the plaintiff, Seaboard Air Line Railway Company, is a railroad corporation, operating a railroad and engaged in interstate commerce, has and operates a line of railroad through the town of Ft. Lawn, S. C.; that the defendants, T. L. McFadden, as intendant, and T. B. Kell, E. Christopher, J. S. Barton, and R. L. Gooch, as wardens, constitute the mayor and town council of the said Town of Ft. Lawn, a municipal corporation under the laws of this state; that on July 28, 1923, the said town, by its town council, enacted the following ordinance:

"State of South Carolina, Chester County.

"Whereas, State Highway No. 9 of the State Highway Commission's road system, leading through the Town of Fort Lawn, Chester County, S. C., crosses the Seaboard Air Line's Catawba Valley Line of Railroad on an overhead bridge in the said town, which the said Railroad Company is required to keep in good and sufficient repair for all public travel over the said highway in the Town of Fort Lawn, S. C.

"Whereas, the State Highway Commission of South Carolina proposes to change the location of the said High-

way No. 9, through the Town of Fort Lawn, S. C., and locate it so that it will cross said railway line on an overhead bridge some distance further north of the present site, and abandon the present site, and

"Whereas, the town council of Fort Lawn, S. C., is willing to have the said road and bridge re-located by the State Highway Commission, and to have the said railroad company to abandon the present bridge as soon as it made satisfactory agreement with the State Highway Commission regarding the erection and maintenance of the proposed new bridge.

"Now, in consideration of the above premises and the proper agreement on the part of the Seaboard Air Line Railway being made with the State Highway Commission relative to the erection and maintenance of the proposed new bridge on said Highway No. 9, through Fort Lawn, S. C., the town council of Fort Lawn, S. C., does hereby consent and agree to allow the said railway company to abandon the present bridge and release the said railway company from its present obligation to maintain the same as soon as proposed new bridge shall have been erected and put in proper condition for public travel over the said road and bridge according to the agreement with and the specifications of the State Highway Commission.

"In witness whereof the proper officers have caused the name and seal of the Town of Fort Lawn, S. C., to be affixed hereto this the 28th day of July, 1923.

> "TOWN OF FORT LAWN (L. S.)
> "By T. L. McFADDEN, *Mayor.*
> "————————— *Clerk.*

"Signed, sealed and delivered in the presence of D. Ferguson, R. W. Wilks."

In plaintiff's complaint it is further alleged that, in pursuance to the terms of the said alleged ordinance, the County of Chester, the South Carolina State Highway Department, and the Seaboard Air Line Railway Company, August 9,

1923, entered into a contract for the erection of a new bridge on the Calhoun highway over the said railroad tract of the plaintiff in the said Town of Ft. Lawn, and the cost of the construction of said bridge was to be borne by the State Highway Department and by the plaintiff; that subsequent to the making of the said alleged contract, the County of Chester, pursuant to said agreement, erected at the new location a substantial bridge, and that the same was opened for traffic as a part of State Highway No. 9, known as Calhoun Highway, in January, 1926; that thereafter, about April 20, 1926, after the terms of said contract were complied with by the plaintiff, the plaintiff sent its employees to said town to remove the old bridge which, under the contract, was to be abandoned by the said town and which the plaintiff was to remove, and which had become unsafe for use by the public; that when the employees of the plaintiff attempted to remove the said bridge, the town authorities of said town, Ft. Lawn, interfered and threatened to arrest all of the said employees, exhibited warrants for that purpose, and prevented the removal of said structure, notwithstanding the fact that prior to the construction of the new bridge the town authorities of said town and citizens thereof had urged the plaintiff to build a new bridge and to straighten the alignment of said highway through the said town, and, also, had agreed to the removal of the old bridge prior to the passage of the said alleged ordinance; that plaintiff has fully performed its part of said contract, and since June, 1926, has continuously endeavored to get the town authorities of the said town to allow it to peaceably remove the said old structure, but that such authority has been refused.

In their answer the defendants admitted that the plaintiff, as a railroad corporation, own and operate the line of railroad in question, and that the defendants, except T. L. McFadden and E. Christopher, constitute the mayor and town council of the said Town of Ft. Lawn, but denied the passage of the alleged ordinance, and denied the other material

allegations of the complaint, and alleged in their answer that the bridge referred to in the complaint as the "Old Bridge" across the said railroad track of the plaintiff leading into said town, Ft. Lawn, has been in existence *"for more than twenty years and was erected by the plaintiff when the railroad was built through the Town of Fort Lawn in order to render it possible to travel a road which had been open to the public for a hundred years or more; that the closing of the said* 'Old Bridge' would mean serious property loss and damage to various citizens of the Town of Fort Lawn and to the town itself." The defendants, further, alleged that the ordinance mentioned in the complaint, if one does exist, is not legal and binding "for the reason that no such ordinance was passed at a meeting of the town council, and if any was signed by the intendant and written upon the books of the town council it was done so without the authority of the council duly assembled, and is not a valid ordinance and has no force and effect as law and does not bind the Town of Fort Lawn; but in this connection it is alleged that no such ordinance exists, or has been passed by the town council, and that the plaintiff is attempting in this proceeding to save itself from liability of keeping up the said 'Old Bridge' and at the same time has refused and has failed to pay to the County of Chester, or the State Highway Commission or anybody else any sum of money whatsoever in the erection of the new bridge, and has failed and refused to carry out any agreement it had, if it had any, in regard to the building of the new bridge or in regard to anything else connected with the road or roads leading into the Town of Fort Lawn, and has broken faith with the town council." The defendants further alleged that the said municipality did not have the power to enter into such a contract as the plaintiff alleged was entered into by said municipality, and that the alleged ordinance is "against public policy, *ultra vires,* and does not prevent the Town of Fort Lawn from exercising its power of police just as if no contracted relations with the Seaboard

Air Line Railway Company had been attempted; and that the said ordinance and contract is void."

By reference to the order issued in the cause by Judge Henry (which order will be incorporated in the report of the case) it will be seen that, while his Honor held that the alleged ordinance in question was passed by the town council of Ft. Lawn, and properly proven by the plaintiff, his Honor held that the said alleged ordinance is *ultra vires,* against public policy, and void, and thereupon ordered, adjudged, and decreed that the injunction and other relief prayed for by the plaintiff be denied, and ordered the complaint dismissed. The exceptions impute error to the trial Judge in holding that the alleged ordinance is *ultra vires,* in dismissing the complaint, in not holding that the parties acquiesced in the performance of the alleged agreement, and are thereby estopped, and, also, in admitting testimony as to damages suffered by private citizens.

The alleged agreement on the part of the Town of Ft. Lawn is the alleged ordinance set out in plaintiff's complaint. The defendants by their answer put in issue the passage of such ordinance, and the testimony is contradictory and not at all clear on this point. But assuming, for the purposes of this appeal, that the alleged ordinance was passed by the town council of Ft. Lawn and properly proven by the plaintiff, in accordance with the holding of the trial Judge, it does not follow that the plaintiff is entitled to the relief prayed for. There can be no question that a town council under the law of this State has the right and authority to supervise and control the streets within the municipality, and to close a street if necessary to the security of its travelers. However, if in closing a street private rights are involved, the Courts will award damages when established. If the ordinance in question relied upon by the plaintiff could be upheld as a binding contract between the parties, the most that the plaintiff could claim under it would be the right to abandon the old bridge and be relieved of obligation

to keep up the same. Under a strict construction of the ordinance in question, the plaintiff would have no right to destroy the old bridge. The ordinance contains no provision that gives such right, and contains no provision which should be construed as taking away from the town its general police powers in such matters which it has under the law. It is, therefore, our opinion that, even if the alleged agreement could be upheld in all of its provisions, the plaintiff would not be entitled to the relief prayed for thereunder, that is, to have the defendants, their agents, servants, and employees "enjoined and forever restrained from hindering in any way the plaintiff or its employees from peaceful and complete removal of the old bridge." If under the alleged contract the plaintiff should be held to have the right to abandon the "Old Bridge," and should, acting under such claim, abandon the "Old Bridge," the defendant, so far as the alleged contract is concerned, would have the right to take over the bridge and maintain it. Furthermore, after a study of the facts in the case, as disclosed by the transcript of record, we are of the opinion that the trial Judge was right in holding that the alleged contract on the part of the Town of Ft. Lawn is against public policy *ultra vires,* and void. See *Houston v. West Greenville,* 126 S. C., 484, 120 S. E., 236; *Powell v. Spartanburg,* 136 S. C., 375, 134 S. E., 367; and *State v. Hughes,* 147 S. C., 452, 145 S. E., 297.

We are unable to agree with appellant in the position that the defendants are estopped from raising the question of *ultra vires.* The powers of a municipality are limited by law, and persons dealing with a municipality are required to take notice of this fact. Furthermore, it does not appear from the record that the appellant constructed the new bridge in question or has up to this time expended any sum of money on account of such construction.

Under the view we take of the questions we have discussed it is unnecessary to consider the questions raised to the admission of testimony.

The exceptions are, therefore, overruled, and it is the judgment of this Court that the judgment of the Circuit Court be, and is hereby, affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and STABLER concur.

MR. JUSTICE COTHRAN concurs in result.