STATE EX REL. SIPPY, Appellant, vs. NEE, Town Clerk, Respondent.

*September 17—October 12, 1948.*

424

For the appellant there was a brief by *Brindley & Brewer*, attorneys, and *James G. Robb* of counsel, all of Richland Center, and oral argument by *Mr. Robb* and *Mr. E. E. Brindley*.

*Leo L. Lownik*, attorney, and *Lorin L. Kay* of counsel, both of Richland Center, for the respondent.

FAIRCHILD, J. The trial court in considering petitioner's application could not discover a good cause for overturning the proceedings of the town board. The writ of certiorari is confined to bringing up the record to enable the court of review to determine whether the board proceeded within its jurisdiction.

We recognize that the board when taking property for highway purposes is acting under statutory authority; that if the requirements set out by statute are not complied with the proceedings are void. Here, however, the statutes were complied with.

Petitioner's first objection to the' proceedings is on the ground that the designation of the "Ed Sippy residence" as the place for the meeting of the town board did not comply with the statute. Sec. 80.05, Stats., states:

"On application made to supervisors . . . they shall make out a notice fixing therein a time and place at which they will meet and decide upon such application. . . ."

Clearly the purpose of the statute is to make sure that everyone interested in the action of the board knows where the meet-.

ing will be so he can appear there. The description of the place of meeting may be so indefinite and uncertain as to not constitute sufficient notice. However, the designation "Ed Sippy residence" was sufficient. It informed the people of the actual place of meeting, as the necessary information was given to interested parties where the meeting would be held. Mere informalities are disregarded. *La Crosse v. Melrose,* 22 Wis. 459.

The clerk's minutes of the board meeting state that they met and heard the interested parties. Everyone concerned, including the appellant, was present at that meeting. That Ed Sippy had actually moved to another dwelling would not be a controlling factor even if it appeared to be a fact. It is a matter of common knowledge that houses may go by the name or reputation of an original or long-time owner after that person has ceased to live there. The important thing is that the description did give notice of a place of the meeting possessing sufficient character and reputation to carry that information to the public interested. In view of that it would be an unwarranted use of technicalities to hold that the description was not sufficient.

The second objection made by petitioner is based on sec. 80.09, Stats. That section deals with the awarding of damages and provides in case the owner does not agree upon damages, the supervisors shall assess the damages, ". . . and shall make a written award specifying the sum awarded by them to each owner." Relator's contention is that because the award of damages was made to "the heirs of Ed Sippy, deceased" the statutory stipulation of an award to each owner was not fulfilled. A discussion of the type of interest held by the heirs of Ed Sippy is not necessary here. It is agreed by both parties that they are the owners of the property in question. The complaint of the appellant evidently is that the sum of the damages was not divided among the heirs by the award of the town board. There is nothing in the wording of the statute to re-

quire such an interpretation of the board's duties. The obvious purpose of that section is to make sure that the owner of each parcel of land taken is awarded damages for his land. When a piece of land is owned by several persons as heirs or jointly the award of damages to the group is sufficient. The statute in other words requires the board to assess the damages that will be caused to each owner of each tract of land. The case cited by relator is to that effect. *McKee v. Hull,* 69 Wis. 657, 35 N. W. 49. The statute does not require the board to determine the rights of each owner of an interest in a certain piece of land. In *Fuller v. Town Board,* 193 Wis. 549, 214 N. W. 324, this court said: "If there be incumbrances upon the land, or different estates therein, the question of the apportionment of the total damage is not a matter committed to the town board, but must be determined in some proper proceeding instituted by the parties interested in the fund." Although that case dealt with the claims of persons who were not actual owners of the property taken by the board, it is authority for the proposition that the power of the board does not go beyond the assessment of damages to each tract of land.

We, therefore, conclude that the town board acted in strict compliance with the statutes and within its jurisdiction. There is no occasion for discussion of other points attempted to be made.

*By the Court.*—Judgment affirmed.