George J. KORFHAGE and Mildred G. Korfhage, his Wife, and The Kentucky Trust Company, Appellants,

v.

COMMONWEALTH of Kentucky and Department of Highways, ex rel. W. P. CURLIN, Commissioner of Highways, and Jefferson County and City of Louisville, Appellees.

Court of Appeals of Kentucky.

Dec. 7, 1956.

Funk, Chancellor & Marshall, Thomas F. Marshall, Frankfort, Greenebaum, Barnett & Carroll, Louisville, for appellants.

C. Hayden Edwards, Asst. City Atty., Woodward, Hobson & Fulton, Louisville, for appellees.

STEWART, Judge.

This suit was commenced by the Commonwealth of Kentucky and the City of Louisville to condemn land in the city for right of way for the North-South Expressway. The property in litigation was owned by appellants, George J. Korfhage and Mildred Korfhage, his wife, and certain portions of it were burdened with three leases and one sublease of various durations. Some of the leasehold contracts contained an option-renewal clause. By separate actions the same condemnors sought to condemn the interests in the property of the lessees and the sublessee (we shall refer herein to all of the latter as "leaseholders").

This suit was originally instituted in county court, where it was referred to commissioners who appraised the entire property at $128,900. Upon the filing of the report, appellants excepted and moved that the court refer the matter back to the commissioners to determine separately the values of the leases and the fee estate. The commissioners did so, placing various values on the leases but leaving the total appraisement the same, $128,900. Appellants objected to the method of apportionment of this sum, claiming that the aggregate value of the leases should be *added to* the value of their property and not subtracted from it. The county court overruled this objection. It then deducted the total appraisal of the leases from the above figure and adjudged the balance to be the value of the fee estate.

Appellants appealed to the circuit court on this point, and appellees appealed also on the question of the amount of damages allowed. This case was consolidated with

the suits brought against the leaseholders. Before the action was tried the parties entered into an agreement submitting the case to arbitration in order to fix the value of each interest. The circuit court instructed the arbitrators that they should determine the value of the fee, taking into consideration the values of the leases, and then subtract from that figure the values of the various leases. Appellants once again excepted on the same ground raised in the county court. This exception was overruled and the arbitrators brought in an appraisement of all the interests in the total sum of $124,000, of which amount the lease values were established at $7,250, leaving the value of appellants' interest fixed at $116,750.

No objection was made to any of the appraised values, but appellants still insist the lease values should have been added to and not taken from the value of their fee estate. On this appeal the question addressed to us is whether in determining the value of appellants' property the values of the leasehold interests should be added to the property or deducted therefrom.

The issue raised is one of first impression in this state. However, an examination of the cases in other jurisdictions indicates that the majority of the courts have adopted as the rule the standard used by the county and the circuit courts in this case, i. e. the rule that the value on this property should be fixed by ascertaining the maximum compensation to be allowed as though the entire title belonged to one person and then that sum should be apportioned among the holders of the different interests according to their respective rights. In 2 Lewis on Eminent Domain (3rd Ed.), Section 716, p. 1253, the general rule of law on appraising property of the type under discussion and apportioning the sum realized is set out in this language:

"When there are different interests or estates in the property the proper course is to ascertain the entire compensation as though the property be-

longed to one person and then apportion this sum among the different parties according to their respective rights. The value of the property cannot be enhanced by any distribution of the title or estate among different persons or by any contract arrangements among the owners of different interests. Whatever advantage is secured by one interest must be taken from another, and the *sum of all the parts cannot exceed the whole.*" (Emphasis added.)

Decisions upholding this rule are Application of City of New York (In re Brooklyn High School), 272 App.Div. 826, 70 N.Y.S.2d 317; Chicago, B. & Q. R. Co. v. F. Reisch & Bros., 247 Ill. 350, 93 N.E. 383; Schill v. Board of Chosen Freeholders, 98 N.J.Eq. 469, 131 A. 584; State ex rel. Sippy v. Nee, 253 Wis. 423, 34 N.W.2d 121; Sowers v. Schaeffer, 155 Ohio St. 454, 99 N.E.2d 313.

Appellants were perfectly willing to have the values of the leaseholds on their property used as an element in determining the value of the fee, yet they wish to have these same leaseholds ignored when it comes time to apportion the total sum allowed among the various interests, and they now claim the whole award although their fee was unquestionably increased in value because of the existence of these leases. This is so obviously "double compensation" that we believe it requires no explanation to demonstrate the fact. Appellants are certainly not entitled to be paid for an unencumbered fee when all they have is a reversion following the various leases. Then, too, it would manifestly be improper to count the values of the leases in arriving at the value of the land, as the trial court correctly ordered, and then charge these values to the condemnor a second time by forcing it to later settle for these leases with the holders thereof.

An examination of the instructions the trial court gave the arbitrators reveals that they were specifically directed to consider

the values of the leases in determining the value of the fee. In this case it seems almost certain that the value placed on the fee was made large enough to adequately compensate all parties having an interest in the property. That this is true is borne out by the fact that no complaint was made below, or is made here, as to the correctness of the appraisal of each interest in the property. The only grievance advanced is the formula used to establish the value of the fee, and we conclude the lower court used a formula that granted unto appellants the just compensation to which they were entitled for their property.

In an effort to sustain their position, appellants rely upon certain cases of other jurisdictions that depart from the general rule set forth above. In most of these cases, peculiar circumstances or special statutes determined the result reached by the court. As we have pointed out, we feel that the majority rule is the better one to follow and we conclude we should be governed by it.

Wherefore, the judgment is affirmed.