### 17973

SCHOOL DISTRICT NO. 3 OF CHARLESTON COUNTY, The State of South Carolina, Respondent, v. COUNTRY CLUB OF CHARLESTON, The Citizens and Southern National Bank of South Carolina, and McDonald and Parks, and any person or persons or corporations having or claiming any interest in the premises, which are the subject of this action, Respondents; of whom Country Club of Charleston is, Appellant.

(127 S. E. (2d) 625)

216

*Messrs. Waring & Brockinton,* of Charleston, *for Appellant,*

217

*Messrs. Sinkler, Gibbs & Simons,* of Charleston, *for Respondent,*

*Messrs. Waring & Brockinton,* of Charleston, *for Appellant, in Reply,*

October 9, 1962.

TAYLOR, Chief Justice.

This appeal arises out of condemnation proceedings brought by School District No. 3 of Charleston County to condemn and acquire a tract of 6.07 acres situate on James Island in Charleston County as a site for a public school.

By appropriate Order the matter was referred to a Special Referee, who, in his Report, found that the market value

of the tract taken was $35,000.00, that no severance damage resulted and that the Country Club of Charleston was entitled to $25.00 nominal damage for the taking of such interest as it had in the property. This Report was confirmed in all respects by the Circuit Court, July 18, 1961.

The land in question was part of a 71.4 acre tract which had been sold on August 15, 1957, by the Country Club of Charleston (hereinafter referred to as the Club) to McDonald and Parks, a partnership, who, although a party defendant, does not appeal from the Order of the Circuit Court. The sale, under a purchase money mortgage in favor of the Club, was for the purpose of a residential subdivision. The deed contained certain restrictive covenants which the Club reserved the right to enforce. The purchase price was $180,000.00 of which $45,000.00 was paid and the remaining $135,000.00 evidenced by a purchase money mortgage.

McDonald and Parks without notice to the Club contracted with the School District to sell the land in question for $35,000.00 and attempted to amend the restrictions insofar as they affected the 6.07 acre tract. When the Club refused to agree to the change in restrictions, the School District commenced condemnation proceedings.

The Club had no interest in the land itself other than as mortgagee and the claimed right to enforce the restrictions contained in the deed.

Since the filing of this appeal and prior to hearing had thereon, the debt secured by the purchase money mortgage was paid in full and satisfaction of said mortgage recorded. The Club contends that the $35,000.00 award was not supported by substantive evidence as the fair market value of the property taken, that it was error for the Court to consider the contract between McDonald and Parks and the School District as indicative of the property's value. Inasmuch as the mortgage had been satisfied and the parties had stipulated that any amount awarded by the Court up to the amount of the mortgage indebtedness should be applied on

the mortgage, these questions are now moot and no justiciable question remains between the Club and the School District unless as contended by the Club it is entitled to more than nominal damages for the taking of its interest in the property.

Since Appellant's rights under the mortgage have been extinguished by payment and the Club admits that it has no further interest in the mortgage, its only claim for damages is that it retained valuable rights in the property sold by way of enforcing certain restrictions. The Country Club also reserved in the deed a right-of-way over all roadways which right-of-way ceases when the roads are dedicated to the public.

The Club will lose its private rights in the two roadways encompassed within the tract taken and is entitled to compensation for such taking to the extent of its damages established by the evidence. *Seaboard Air Line Ry. Co. v. McFadden et al.,* 156 S. C. 147, 152 S. E. 809. However, the testimony of all witnesses is to the effect that the Club was in no way damaged by the taking.

The question of whether restrictive covenants confer on the dominant estate property rights which are compensable for their taking in condemnation proceedings apparently has not heretofore been presented to this Court. There is an irreconcilable conflict in the decisions from other jurisdictions as to whether a right to enforce such restrictions constitutes property in the constitutional sense for which compensation must be paid if taken. Cases permitting recovery are: *Ladd v. City of Boston,* 151 Mass. 585, 24 N. E. 858, 21 Am. St. Rep. 481; *Riverbank Imp. Co. v. Chadwick,* 228 Mass. 242, 117 N. E. 244, L. R. A. 1918B, 55; *Johnstone v. Detroit, etc. Ry. Co.,* 245 Mich. 65, 222 N. W. 325, 67 A. L. R. 373; *Peters v. Buckner,* 288 Mo. 618, 232 S. W. 1024, 17 A. L. R. 543; *Flynn v. New York, etc. Ry. Co.,* 218 N. Y. 140, 112 N. E. 913; *Town of Stamford v. Vuono,* 108 Conn. 359, 143 A. 245; *City of Shelbyville v. Kilpatrick,* 204 Tenn. 484, 322 S. W. (2d) 203; *City of Raleigh*

*v. Edwards,* 235 N. C. 671, 71 S. E. (2d) 396; *Meagher v. Appalachian Elec. Power Co.,* 195 Va. 138, 77 S. E. (2d) 461. The following cases did not permit recovery: *Herr v. Board of Education of Newark,* 82 N. J. L. 610, 83 A. 173; *Doan v. Cleveland Shortline Ry. Co.,* 92 Ohio St. 461, 112 N. E. 505; *Clifton George Co. v. Great Southern Life Ins. Co.,* Tex. Civ. App., 247 S. W. 912; *City of Houston v. Wynne,* Tex. Civ. App., 279 S. W. 916; *Fuller v. Town Board of Madison,* 193 Wis. 549, 214 N. W. 324; *Sackett v. Los Angeles City School District of Los Angeles County,* 118 Cal. App. 254, 5 P. (2d) 23; *Moses et al. v. Hazen,* 63 App. D. C. 104, 69 F. (2d) 842, 98 A. L. R. 386; *Anderson v. Lynch,* 188 Ga. 154, 3 S. E. (2d) 85, 122 A. L. R. 1456; *Board of Public Instruction of Dade County, Florida v. Town of Bay Harbor Islands, Fla.,* 81 So. (2d) 637; *State of West Va. ex rel. Wells v. City of Dunbar,* 142 W. Va. 332, 95 S. E. (2d) 457; *Smith v. Clifton Sanitation District,* 134 Colo. 116, 300 P. (2d) 548.

"* * * So where an easement is in the form of a restriction, a taking for a use which will defeat the restriction is a taking of the property of the owner of the dominant estate. Thus, building restrictions are a property right, and where, through the exercise of the power of eminent domain, there is a taking or damaging of such property rights, the owners of property for whose benefit the restrictions are imposed are entitled to compensation for the loss of the easements created by such restrictions, although there are a few cases to the contrary." 18 Am. Jur., Page 88, Eminent Domain, Section 157.

Both the Referee and Circuit Court concluded that a restrictive covenant constitutes such property right that recovery may be allowed for the taking provided damage is established, and we are of opinion that the better reasoned cases support this view which upon the record before us entitles Appellant to nominal damages only.

Appellant further contends error in striking McDonald and Parks from this appeal and bases its exception upon an alleged assignment of the interest of McDonald and Parks. This question was not presented to the hearing Court and cannot be raised for the first time before this Court on appeal.

At the time of hearing, Respondent having previously given notice moved that this appeal be dismissed upon the grounds that Appellant is not a party aggrieved and that the appeal is frivolous and without merit, citing *Johnson v. Brandon Corp.,* 221 S. C. 160, 69 S. E. (2d) 594, for the proposition that although a party may have an interest giving him a right of appeal, if that interest is divested pending appeal, the appeal will be dismissed.

While we are of opinion that all exceptions should be dismissed and the Order appealed from affirmed for the reasons stated above, affirmance should be by way of an Opinion of this Court upon the record and not by way of motion to dismiss the appeal.

The Order appealed from is therefore affirmed and the motion to dismiss the appeal is refused.

Affirmed.

Moss, LEWIS and BRAILSFORD, JJ., and LEGGE, Acting Associate Justice, concur.

BUSSEY, J., not participating.