ROBERTS and others, Respondents, vs. GERBER and others, imp., Appellants.

*December 5, 1927—January 10, 1928.*

*Contempt: Review of proceedings on appeal: Restrictive covenants: That property be devoted to use as first-class residence district: Violation of covenant.*

1. Although the judgment in an action enjoining the defendants from the use of real estate contrary to restrictive covenants, affirmed on appeal, is the law of the case, the supreme court has the power to review contempt proceedings instituted subsequent to the judgment to ascertain if the judgment has been performed by the defendants.  p. 517.

2. The term "first-class residence property" as used in a deed restricting the use of property for any purpose inconsistent with the preservation of the tract in which the land was situated as a first-class residence district has a meaning of common understanding; and the findings of the trial court that the defendants, contrary to the said injunction, were devoting the land to a use inconsistent with the restrictive covenant, and that the provisions of the judgment had not been observed, are affirmed on appeal.    p. 518.

APPEAL from an order of the circuit court for Walworth county: E. B. BELDEN, Circuit Judge.   *Affirmed.*

The order holds the defendants *Faulkner, Schrom,* and *Shields* in contempt for disobeying a judgment of said court, and further requires said defendants to comply with said judgment in manner and form therein provided.   The judgment of the circuit court, · which the said defendants are charged with disobeying, was affirmed by this court September 25, 1924 (*Roberts v. Gerber,* 187 Wis. 282, 202 N. W. 701), and a motion for rehearing was denied June 22, 1925.   That judgment, so far as material to the present issue, was as follows:

"It is ordered, adjudged, and determined that the defendants, and each of them, their agents, servants, employees, and all persons claiming under them, be permanently enjoined and restrained from the continued maintenance, occupation, or use, upon the premises described in the complaint known as lot No. 3 in Edward G. Uihlein's subdivision, of part of section 11, in township 1 north, range 16 east, in Walworth county, state of Wisconsin, of the dwelling houses or cottages heretofore erected by them upon said lot, and from further proceeding with, continuing, or carrying out the scheme formed by the defendant Winfred D. Gerber for the subdivision, sale, and improvement of said lot No. 3, pursuant to the plat made or caused to be made by said defendant and called by him 'Gerber's subdivision,' or any similar plan or scheme, and particularly from occupying, selling, or using said lot No. 3 or any part or portion thereof for hotel, club, or camping purposes or for any reformatory, charitable, or penal institution, or for any purpose inconsist-

ent with the preservation of the entire tract formerly known as 'Forest Glen' as first-class residence property, in accordance with the restrictions contained in a certain agreement between John Johnston, Jr., and George A. Weiss, bearing date October 20, A. D. 1892, and recorded in the office of the register of deeds for Walworth county, Wisconsin, on November 7, A. D. 1892, in volume 65 of Mortgages at page 435; that the defendants Winfred D. Gerber, *E. O. Faulkner, Frank Schrom,* John Buckhart, and *W. S. Shields* be, and each of them is hereby, enjoined, commanded, and required forthwith to remove from said lot No. 3, and from within the boundaries of said 'Forest Glen' tract, the buildings heretofore erected, and now occupied by them respectively, upon portions of said lot No. 3 in Edward G. Uihlein's subdivision aforesaid."

The contempt order here appealed from was based on an order to show cause, and supporting affidavits, that the judgment had not been performed, and opposed by the defendants on the claim, supported by affidavits, that the judgment had been performed in substance and spirit. Upon the evidence submitted to the court and a view of the premises subsequently had by the court, the court made findings of fact and entered its order of contempt, appealed from, to wit:

"First. That on the 25th day of September, 1924, judgment was duly rendered in the above entitled action in favor of the plaintiffs and against said defendants—

"(a) For the recovery of the costs of the action taxed at $430.03.

"(b) And further, that the defendants and each of them, their agents, servants, etc., be permanently enjoined and restrained from the continued maintenance, occupation, or use upon the premises described in the complaint known as—

"Lot three (3) in Edward G. Uihlein's subdivision or part of section eleven (11), in town one (1) north, range sixteen (16) east, in Walworth county, Wisconsin, of the dwelling houses or cottages theretofore erected by them on said lot;

"(c) That in particular they cease and refrain from occupying, selling, or using said lot 3, or any part or portion thereof, for hotel, club, or camp purposes, or for any reformatory, charitable, or penal institution, or for any pur-

pose inconsistent with the preservation of the entire tract, formerly known as 'Forest Glen,' as first-class residence property in accordance with the restrictions contained in the so-called Johnston-Weiss agreement:

"(d) And that said defendants be enjoined, commanded, and required, forthwith, to remove said buildings or cottages theretofore erected by them as aforesaid from said lot three, and from within the boundaries of said 'Forest Glen' tract.

"Second. That said defendants appealed from said judgment to the supreme court of the state of Wisconsin, which court, on March 10, 1925, duly affirmed said judgment of the circuit court, with costs against said defendants in the sum of $130.21; that said defendants thereafter moved for a rehearing of said appeal and for a change of the mandate to the lower court, which motion was denied, with costs, on June 22, 1925; and that the *remittitur* from the supreme court was duly filed in the office of the clerk of said circuit court on the 4th day of August, 1925.

"Third. That on and between the 19th day of August and the 24th day of August, 1925, a duly certified copy of said judgment of the circuit court, together with a notice of the filing of the *remittitur* from the supreme court and a demand that said defendants forthwith pay the costs taxed and adjudged against them in both the circuit court and supreme court, and that they specifically perform and comply with the requirements of said judgment by ceasing to maintain, occupy, or use upon the said premises described in the complaint and hereinbefore described, the dwelling houses or cottages theretofore erected by said defendants upon said premises, and further, by ceasing and refraining from occupying, selling, or using said lot for any purpose inconsistent with the preservation of said entire tract formerly known as 'Forest Glen,' as first-class residence property, as provided in said Johnston-Weiss agreement, and by forthwith removing from said lot three, and from within the boundaries of said 'Forest Glen' tract, the said dwelling houses or cottages theretofore erected by said defendants, or any of them, upon said lot, were duly and personally served upon each of said defendants, *E. O. Faulkner, Frank Schrom,* and *W. S. Shields,* and the same were also duly and personally served upon defendants' attorneys, Charles E. Lyon and Jeffris, Mouat, Oestreich, Avery & Wood.

"Fourth. That after the service of said certified copies of the judgment, notice of *remittitur,* and demand for compliance with said judgment, the said defendants *E. O. Faulkner, Frank Schrom,* and *W. S. Shields,* in defiance of said judgment, wholly refused to comply with the terms of said judgment except as hereinafter found, by refusing to pay the costs so adjudged and taxed against them, and by continuing to maintain, occupy, and use upon said premises described in the complaint the said dwelling houses or cottages theretofore erected by them thereon, and by refusing to remove said dwelling houses or cottages from within the boundaries of said 'Forest Glen' tract, or from said lot three, as commanded and required by said judgment.

"Fifth. That subsequent to the commencement of this proceeding to punish said defendants for contempt, and on September 28, 1925, said defendants have paid the full amount of the costs adjudged against them in both the circuit court and the supreme court, and the money portion of said judgment is now satisfied and discharged.

"Sixth. That, after the *remittitur* of said record, the defendants Winfred D. Gerber and John Buckhart conveyed their right, title, and interest in lot three (3) in Edward G. Uihlein's subdivision of a part of section eleven (11) in township one (1) north, range sixteen (16) east, in Walworth county, Wisconsin, to defendant *W. S. Shields,* and that, by such conveyance, said *Shields* became the sole owner of the land involved herein; that thereupon said *Shields* conveyed to the defendant *Frank Schrom* the easterly fifty feet of said lot three, extending the entire length of said lot, and conveyed the westerly fifty feet of said lot to the defendant *E. O. Faulkner,* also extending the entire length of said lot; that all of said deeds have been recorded in the offices of the register of deeds for Walworth county, and that by said conveyances the defendant *Frank Schrom* became and is the sole owner of said easterly fifty-foot tract, and defendant *E. O. Faulkner* became and is the sole owner of said westerly fifty-foot lot, and that defendant *Shields* became and now is the owner of the remaining and middle fifty-foot lot, all fronting on Lake Geneva and extending the full length of said lot three.

"Seventh. That the cottage of the defendant Gerber, which was located upon the fifty-foot lot now owned by defendant

*E. O. Faulkner,* has been dismantled and torn down and wholly removed from said Uihlein's subdivision, and that the summer residence of the defendant *W. S. Shields,* which was located upon the fifty-foot lot conveyed to defendant *Frank Schrom,* has been removed therefrom and relocated upon the individually owned fifty-foot lot of said defendant *Shields.*

"Eighth. That the so-called Gerber plan of the development of said property involved herein has been abandoned, in that all contracts between the defendants creating any community features or common interests among them have been surrendered and canceled, the proposed plat of the defendant Gerber, and all common walks or paths to the lake shore, private parks and paths upon said property near said lake, all arrangements to furnish and install common drain pipe for surface sewerage, and all arrangements as to a common water supply for any of the property involved have been abandoned; that the water plant heretofore installed upon said property is now located upon the fifty-foot lot of the defendant *E. O. Faulkner,* individually owned by him, and that his codefendants have no interest whatsoever therein; that the pier heretofore erected into said Lake Geneva is located in front of the property of defendant *Shields,* individually owned by him, and that none of his codefendants have any rights or privileges therein or thereto; that no part of the shore line of the land involved in this action is now subject to any common use, but that such shore line of each of said three fifty-foot lots is individually owned by defendants *Schrom, Faulkner,* and *Shields;* that no restrictive agreement exists between the present individual owners of said property as to the maintenance of a garage, the cost of buildings to be erected upon said lots, or the cost of any buildings to be erected upon said lots or the maintenance thereof; that the Gerber plat representing his plan of development has not been recorded in the office of the register of deeds of Walworth county, and that the plan therein proposed, including the lots and parts thereof dedicated to the public, have been abandoned, and that said defendants Gerber and Buckhart have no longer any interest in said property.

"Ninth. That the restrictive agreement involved provides

that the tract in question be preserved as first-class residence property and that the houses now on the individually owned lots of land of defendants *Shields, Schrom,* and *Faulkner* are the same houses that were ordered to be removed by the judgment herein; that said houses are not first-class residences within the meaning of said restrictive agreement, either as to type or use, and violate said agreement and the judgment herein, aside from the club or community features that are forbidden by said agreement and judgment and which have been abandoned.

"Tenth. That it is still within the power of the defendants to perform the remaining portion of said judgment by permanently ceasing and refraining from further continuing to maintain, occupy, or use upon said lot three the dwelling houses or cottages heretofore erected by them severally thereon, and by permanently removing said dwelling houses or cottages from said lot three and from within the boundaries of said 'Forest Glen' tract.

"Whereupon it is ordered, adjudged, and determined that said defendants *E. O. Faulkner, Frank Schrom,* and *W. S. Shields* are, and each of them is, guilty of contempt in having wilfully disobeyed the requirements of said judgment by continuing to maintain, occupy, and use the said dwelling houses or cottages erected by them as aforesaid upon the said lot three, and within the boundaries of said 'Forest Glen' tract, and by continuing to occupy and use said lot three in a manner inconsistent with the preservation of the entire 'Forest Glen' tract aforesaid as first-class residence property, and by refusing to remove said dwelling houses or cottages from said lot three and from within the boundaries of said 'Forest Glen' tract as enjoined, commanded, and required by said judgment.

"And it is further ordered, adjudged, and determined that the said misconduct of the defendants *E. O. Faulkner, Frank Schrom,* and *W. S. Shields* was calculated to and actually did defeat, impair, and prejudice the rights and remedies of the plaintiffs herein, to the actual loss and injury of the plaintiffs; and that said defendants must be held to pay to the plaintiffs, or their attorneys, a sufficient sum to indemnify them for such loss and injury and to satisfy

plaintiffs' costs and expenses, including counsel fees, in the contempt proceedings herein, which amount the court finds and determines to be $1,251.56.

"And it is further ordered, adjudged, and determined that the defendants *E. O. Faulkner, Frank Schrom,* and *W. S. Shields,* within thirty days after service upon their attorneys of a copy of this order or judgment, pay to the plaintiffs or their attorneys the said sum of $1,251.56 to indemnify the plaintiffs for their actual loss and injury caused by defendants' said contempt and to satisfy their costs and expenses arising out of such misconduct; and further, that within sixty days from the date of service of a copy hereof upon defendants' attorneys, said defendants do permanently remove from said lot three described in the complaint, and from within the boundaries of said 'Forest Glen' tract, the aforesaid dwelling houses or cottages heretofore erected and now being maintained by them thereon, and do permanently cease, desist, and refrain from further continuing, maintaining, occupying, or using said buildings upon said premises.

"And it is further ordered, adjudged, and determined that if said amount be not paid within the time specified, or if the defendants fail within the time specified to comply with the further provisions of said judgment and of this order, requiring the discontinuance of the maintenance, occupancy, and use of said buildings and their removal from said lot three and from within the boundaries of said 'Forest Glen' tract, then that the said defendants *E. O. Faulkner, Frank Schrom,* and *W. S. Shields* be imprisoned in the common jail of Walworth county until the said sum be paid, and until the terms of said judgment and of this order be otherwise complied with.

"And it is further ordered, adjudged, and determined that if said sum be not paid as aforesaid, or if the other terms of said judgment and this order be not complied with as herein provided, and if said defendants, by reason of non-residence or otherwise, cannot be imprisoned, then upon application to the court, and a showing of such fact or facts, that the plaintiffs be entitled to an appropriate writ in the nature of an execution or a writ of assistance, or of such form as the court shall designate, to be addressed to, executed by the sheriff of said county, requiring said sheriff to

collect said sum of money and to otherwise specifically exe-
cute said judgment by compelling defendants and all persons
claiming under them to vacate and discontinue the use and
occupancy of said buildings and by removing said buildings
from said lot three and from within the boundaries of said
'Forest Glen' tract at defendants' cost and expense."

For the appellants there was a brief by *Charles E. Lyon*
of Elkhorn and *Jeffris, Mouat, Oestreich, Avery & Wood*
of Janesville, attorneys, and *Thomas E. Gill* of Milwaukee,
of counsel, and oral argument by *Mr. Otto A. Oestreich* and
*Mr. Gill*.

For the respondents there was a brief by *Simmons,
Walker & Wratten* of Racine, attorneys, and *Franklin J.
Tyrrell* of Lake Geneva, of counsel, and oral argument by
*John B. Simmons*.

CROWNHART, J.   The defendants advisedly concede that
the judgment of the circuit court, as affirmed by this court
in *Roberts v. Gerber,* 187 Wis. 282, 202 N. W. 701, is
the law of the case and cannot now be changed or modified.
The defendants insist, however, that they "have performed
the judgment in this case in all of its material and sub-
stantial provisions and features." Without doubt this court
has power to review the contempt proceedings to ascertain
if the judgment has been performed.

The circuit court found that the defendants had in part
eliminated objectionable features in the community arrange-
ments of their lots and buildings, but the circuit court also
found that the rearrangement of the plot of ground and the
houses thereon was not a compliance with the judgment,
to wit:

"That the restrictive agreement involved provides that the
tract in question be preserved as first-class residence prop-
erty, and that the houses now on the individually owned lots
of land of defendants *Shields, Schrom,* and *Faulkner* are
the same houses that were ordered to be removed by the

judgment herein; that said houses are not first-class residences within the meaning of said restrictive agreement, either as to type or use, and violate said agreement and the judgment herein, aside from the club or community features that are forbidden by said agreement and judgment and which have been abandoned."

The term "first-class residence property" is very general, but as used in the original deed it has a meaning of common understanding which had to be applied to the facts by the circuit court. That court was in a better position to apply the restrictive clause to the actual situation, having heard the evidence and having had a view of the premises, than is this court. It is certain that defendants have not fully complied with the judgment of the court, which required the defendants to remove the buildings from the lot upon which they were erected, and from the tract known as "Forest Glen." The defendants have rearranged the lot and to some extent the buildings thereon, but three of the four buildings erected on the lot by defendants still remain thereon and within the "Forest Glen" plot, contrary to the mandate of the court. That judgment was here affirmed *in toto,* on appeal, and on rehearing. It cannot now be said that that part of the judgment was overlooked or disregarded by the parties or by this court, nor can it be said that it was not a material and substantial part of the judgment.

While full compliance with the judgment will work a hardship on defendants, it should be said that the defendants entered upon the scheme fully aware of the restrictive provisions, and with warning that such restriction would be enforced. Hence, their misfortune comes as the result of chances they deliberately took unto themselves.

*By the Court.*—The order of the circuit court is affirmed.

STEVENS, J., dissents.