THE STATE and another vs. SIEGEL.

*December 13, 1881 — January 10, 1882.*

*"Legally laid out roads" defined.*

In sec. 1227, R. S. (which requires, under a penalty for neglect, the erection of guide-boards at certain points), the words "legally laid out roads" apply only to roads laid out by the authorities in accordance with the statute upon that subject, and not to roads which have become such by mere use or dedication.

APPEAL from the Circuit Court for *Outagamie* County. The case is stated in the opinion.

For the appellant there was a brief by *O. F. Weed* and *Barnes & Goodland*, and oral argument by *Mr. Goodland*.

For the respondents there was a brief by *Kennedy & Hammel*, and oral argument by *Mr. Hammel*.

ORTON, J.   This is an action *qui tam* to recover penalties against the defendant, as chairman of the town board of supervisors, for neglecting to erect guide-boards at the intersection of certain main traveled and legally laid out roads, under section 1227, R. S.   The plaintiff, on the trial, failed to prove that such roads had ever been laid out according to the provisions of the statute for laying out highways, but offered to prove that they had been used by the public as highways for over twenty years, which offer was refused, and a nonsuit was granted.   The only question, therefore, is whether the language of the statute, "legally laid out roads," means such roads only as have been laid out according to the statute providing for the laying out of highways, or may be construed to embrace highways which have become such by mere user or dedication.   I have been particular in the use of words to clearly define the two different methods by which traveled roads become highways, because it is plausibly contended that the language, "legally laid out roads," includes such as are "legally" laid out by user or dedication, as well as such as are legally laid out by the action of the town authorities according to the statute, and that both classes of highways are properly called "legally laid out."   No case was cited on the argument in which this precise language has received judicial interpretation, and therefore, aside from cases in which language somewhat similar has been construed, the ordinary rules of statutory interpretation must be resorted to.

Language nearest in terms and signification to that here used, and in a statute in the same sense *quasi* penal, is found in the statutes of this state and in some other states, in respect to encroachments upon a highway which "shall have been laid out and opened," and providing a forfeiture, against the person guilty of the encroachment, of fifty cents for every day of its continuance after the service upon him of an order for its removal.   In *Soule v. State*, 19 Wis., 593, it was decided merely, in respect to this question, that in an action to recover

this forfeiture the highway must be shown to have been "laid out and opened." In *State v. Huck*, 29 Wis., 202, it was decided that, "it being a penal statute, [it was] therefore to be strictly construed," and "whether such highway had been 'laid out' or not, involved no more than an inspection of the records in the office of the town clerk, to ascertain if such an order had been made by the proper officers." This would appear to be an authoritative decision of the question, and that the words "laid out," as used in the statute, mean laid out according to the provisions of the statute for laying out highways. But the learned counsel of the appellant contends that there is a reversal of this construction in the opinion of Mr. Justice Lyon in *State ex rel. Reynolds v. Babcock*, 42 Wis., 138. It is proper to say that the question was not involved in that case, as the highway was sought to be shown only by the records, and the evidence was held by this court to have been sufficient. The use of the language "it is quite probable," as an introduction to the intimation "that the term 'laid out,' as employed in the statute, is sufficiently comprehensive to include any act or process by which the public obtains the right of way in lands," etc., and the language, "but be this as it may," as the conclusion, shows clearly enough that no decision of the question was intended to be made. But, be this as it may, we are now clearly of the opinion that the construction of this term in *State v. Huck, supra*, restricting it to highways laid out in the manner prescribed by the statute, was the correct and the only proper construction of it. In the states of New York and Michigan the same term is used in a like statute, and the same construction given to it. *Doughty v. Brill*, 36 Barb., 488; *Christy v. Newton*, 60 Barb., 332; *Talmage v. Huntting*, 29 N. Y., 447; *Parker v. People*, 22 Mich., 93; *Roberts v. Highway Com'rs*, 25 Mich., 23; *People v. Smith*, 42 Mich., 138.

The language of this statute is much stronger as signifying action upon the part of the town authorities according to the

provisions of the statute.    The term "laid out" is qualified by a word which by common usage signifies affirmative action according or in conformity to law, and the whole phrase "legally laid out" clearly implies a legal procedure; and when the word "legally" is used in connection with highways, it is commonly understood to mean a highway laid out according to the specific requirements of law, in contradistinction from highways which have become such by prescription or dedication.    The phrase "laid out" is participial, from the active verb "to lay," meaning to establish, and implies a nominative or actor.   It is implied that some one is active in laying out the highway, and "legally laid out" signifies that this is done by those authorized by law, and in the manner fixed or required by law.    According to common rules of construction there should be *certainty* in such a statute.    There should be some certain means by which the chairman of the town can know that the intersecting roads are legal highways.    There would be little *certainty* in his best attempts to ascertain whether they have become such by prescription or dedication, and it would be most unreasonable to hold him responsible and make him liable to pay a penalty if he should make a mistake in determining such an important and difficult question.    In respect to highways which appear of record, he can know, with as much certainty as it is possible to know what has been legally done which appears of record, what are legally laid out highways.    In enforcing a forfeiture for encroaching upon a highway, the location of the road must be certain and fixed, to warrant a recovery *(Galbraith v. Littiech*, 73 Ill., 209); and the location and boundaries of a highway by mere user could not be known with any certainty in most cases, if in any. We think that the legislative intention is clearly manifest by the use of these apt and well known terms.   The single word "highway," would express all that it is claimed these three words "legally laid out" express.  If the legislature intended to hold the chairman of the town liable to this penalty for neglecting to

put up guide-boards at the intersection of all highways *de facto*, or highways which are laid out according to the statute, or which become such by user or by dedication, why was it not so expressed? They have used words which clearly mean, by common acceptation, highways which have been laid out according to law by the proper officers of the law, and if they have not this meaning they have none whatever. Both by reason and authority the construction given to this statute by the circuit court was clearly correct.

*By the Court.* — The judgment of the circuit court is affirmed.