STATE EX REL. VAN COULTER, Respondent, vs. FADDEN and others, as Town Board, Appellants.

*May 9—October 11, 1932.*

For the appellants there were briefs by *Grotophorst, Quale & Langer* of Baraboo, and oral argument by *Norman M. Quale*.

*V. H. Cady* of Baraboo, for the respondent.

The following opinion was filed June 20, 1932:

OWEN, J.    Prior to 1893 John Welch and James Welch owned farms located in section 20, township 13 north, of range 5 east, in the town of Dellona, Sauk county, Wisconsin.    The petitioner has succeeded to the title of one of these farms.    A public highway ran along the northerly side of this section.    A private highway extended south from this public highway on the north-and-south quarter-section line of said section which enabled the Welches to reach their respective farms from said public highway.    In 1893 the town board of the town of Dellona pretended to lay out a public highway on said north-and-south quarter-section line which in part followed the exact line of the former private highway.    The order laying out the highway was concededly irregular, because it did not award damages to the owners of the land which was taken for the public highway.    Under the doctrine of *McKee v. Hull*, 69 Wis. 657, 35 N. W. 49, this irregularity rendered the entire proceeding void.    It is contended, however, that, notwithstanding this irregularity in the original proceedings, the highway in question has ripened into a legally public highway under the provisions of sec. 80.01, Stats., by reason of the fact that it has been worked by the town for a period of more than three years.

So far as the opening up of the highway is concerned, the evidence shows that it has been used in exactly the same

way subsequent to the date of the order laying out the same as a public highway that it was used before. Prior to the time of the making of the order by the town board, passage along the highway was intercepted by three gates installed at different places in the highway. All of these gates were maintained for some years after the highway was laid out, and at least one of them was maintained until 1930. The presence of these gates was inconsistent with the existence of a public highway. *State v. Halvorson,* 187 Wis. 611, 205 N. W. 426.

During all the years the highway has been kept in repair, for the most part if not entirely, by the Welches and the successors in title to their farms. The record shows affirmatively that the town has never considered the highway as a part of the system of public highways of the town and has never assumed the responsibility of keeping said highway in repair. The only evidence to indicate that public funds were ever used for keeping this highway in repair comes from the lips of two sisters of the Welch brothers who owned the farms to which this highway afforded egress to the public highway. At the time of testifying one of these sisters was seventy-five years of age and the other eighty-six. Giving to their testimony the most liberal construction it will bear, it amounts to this: during some of the years their brothers were permitted by the town authorities to work out their poll taxes upon this road. The testimony thus elicited, however, was the result of the most offensive and flagrant leading of the witnesses and, when analyzed, shows that the testimony was nothing more than hearsay in character. All that the sisters knew concerning the privilege extended to their brothers to work out their poll taxes upon this road was what the brothers told them. On the contrary, there is nothing in the town records to indicate that the town ever considered itself under any responsibility to keep this road in repair. The supervisors of the town

for many years back testified that they never considered the road a part of the town system of public highways. No supervisor of highways testified that the Welch brothers were ever permitted to work out their poll taxes upon this road. It also appears that the poll taxes which it is claimed the brothers worked out on this road were entirely insufficient to keep the road in repair. The sisters themselves testified that the brothers did much work on this highway apart from the working of their poll taxes to keep the same in proper repair. It also conclusively appears that during all the years the brothers worked out their regular highway taxes upon the other highways of the town. In fact, no claim is made that they were permitted to work out any part of their highway taxes except their poll taxes upon this road.

The record shows no basis whatever for the finding that the public moneys of the town were ever expended in the repair of this highway. As already stated, such testimony as there is to support this finding must be found in the testimony of the Welch sisters. At the time of testifying they were very aged. Their recollection must have been dim and uncertain. Their testimony was the result of leading questions and clearly shows that the only knowledge they had upon the subject was hearsay in character. We therefore conclude that there is no evidence to support the finding that this road ever became a part of the system of public highways of the town. The judgment must be reversed upon the merits.

It is urged that, in any event, *mandamus* is not the remedy available to the plaintiff. It is contended that the exclusive remedy is the appeal to the county board provided by sec. 81.14, Stats. Ordinarily this is true. *State ex rel. Wisniewski v. Rossier,* 205 Wis. 634, 238 N. W. 825. However, it is apparent that where an issue is raised as to

whether the road in question is a public highway, the appeal provided by sec. 81.14 is inadequate. It affords no opportunity for a judicial determination of the question of whether the road is in fact a public highway. Under such circumstances, *mandamus* is a proper remedy for the purpose of determining the status of the alleged highway. *State ex rel. Thompson v. Eggen,* 206 Wis. 651, 238 N. W. 404, 240 N. W. 839.

*By the Court.*—Judgment reversed, and cause remanded with instructions to dismiss the petition.

A motion for a rehearing was denied, with $25 costs, on October 11, 1932.