Town of Buchanan, Respondent, vs. Wolfinger and another, Appellants.

*April 14—May 20, 1941.*

For the appellants there was a brief by *Benton, Bosser, Becker & Parnell,* attorneys, and *David L. Fulton* of counsel, all of Appleton, and oral argument by *Edgar E. Becker.*

*Stanley A. Staidl* of Appleton, for the respondent.

FAIRCHILD, J.  The roadway as it exists today has been the roadway for about eighty years.  The fence line maintained by the appellants has existed for over fifty years as the southern boundary of the traveled highway.  If the highway is established by user, appellants' fence is not an encroachment.  If the proceedings referred to were not abandoned and the highway as determined upon in the proceedings was according to the description in the petition and notice, defendants' fence encroaches upon the highway at the east end for a distance not to exceed fifty or sixty feet.  If the center

line of the highway was according to the description in the order, as interpreted by witnesses for the town, the encroachment would be as described in the complaint, namely, throughout the length of this portion of the highway and varying from three and one-half to nineteen and one-half feet.

The difference between the description in the petition and the description in the order is considerable. The words "thence north 79 degrees west 10 chains to a post," although contained in the petition were not in the order. These words appeared on a separate line in the minute books of the town clerk. The following line also began with the words "thence north." This is claimed by appellants to show that this error, although material, is the result of a clerical mistake only—that is, the omission of a single line in copying the order from the petition. The result, however, is that when the description in the petition is followed out it comes within a few feet of the northeast corner of section 33 which is the point to which the road was to be laid out. But when the description in the order, omitting the above-quoted words, is followed the description leaves a gap of some six hundred sixty feet between its end and the point to be reached.

The dispute here is over the course of the highway between two fixed points. The description in the petition and notice would have the center line of the highway run about six hundred sixty feet in a northwesterly direction to a post, and thence almost due west for one thousand nine hundred twenty feet. The description in the order, omitting the direction to go six hundred sixty feet up to the post, would direct the center line to go almost directly west for a similar distance of one thousand nine hundred twenty feet and it ends there—more than six hundred sixty feet from its objective. Were a line drawn from the end of this order-described line to the objective, the outline of these two center lines between the two points would be a parallelogram. Even if the line fixed by the order were continued, it would miss the point by some

seventy-five feet. The petition directs one northerly and west, and the order just west, leaving the rest to imagination. Obviously this description in the order was intended but failed to correspond to the description in the petition and notice. Certainly the order cannot be used as the basis for rerouting the highway now because of its indefiniteness. So if either description is to be followed, it would be that in the petition. But that too is impossible because of the failure to file with the town clerk an award or release of damages along with the order as required by statute. Secs. 58 and 60 of ch. 19, R. S. 1858. A further portion of sec. 58, pertinent to this case, reads that "in case said supervisors shall fail to file such order an award within the three days aforesaid [*i. e.,* after the day fixed for deciding upon the application], *they shall be deemed to have decided against such application."*

Appellants' position is that since neither an award nor release of damages was written out and filed, the supervisors are to be deemed to have decided against such application and hence the proceeding failed. Their contention is that irrespective of this failure of the proceedings in laying out the highway, it exists as a valid highway by user. The statute used as a foundation for that claim is sec. 85 of ch. 19, R. S. 1858. The applicable portion of that section is that "roads not recorded which shall hereafter be used ten years or more, shall be deemed public highways."

The trial court followed neither the description in the petition nor that in the order, but determined that the center line of the highway should be a straight line between the two government monuments located at the southwest corner of lot 8, section 24, and the northeast corner of section 33. The assumption that a straight line was intended is based on present-day utility. Eighty years ago winding roads were not abhorred.

The town takes the position that inasmuch as a road was opened under the proceedings, there is a presumption that

written releases were filed and have long since been lost. The confusion resulting from the records creates no more occasion for assuming that releases were secured before the entry of the order than that damages were assessed after the entry of the order. If damages were released, the release would be likely to relate to the description in the petition. So far as the difference in the descriptions contained in the petition and in the order are concerned there is more reason for an assumption that the description in the petition is the one upon which the court ought to rely than the incomplete description in the order.

There is no evidence of the owners having released the claim for damages in the proceedings, and there is no evidence of any award of damages. Upon this state of the evidence appellants insist that the proceedings must be considered as having been abandoned. Respondent claims a presumption of regularity supplies the lack of a release or award of damages. It is the law of this state that in order to obtain jurisdiction and retain it, there must be an exact compliance with the requirements of the statute. Sec. 58, ch. 19, R. S. 1858. The rule is expressed in language used by Mr. Justice WINSLOW in *State ex rel. Hewitt v. Graves,* 120 Wis. 607, 609, 98 N. W. 516, as follows:

"If, after the due giving of a valid notice fixing the time for their first meeting, the supervisors do not make and file their decision and award of damages within the time required by sec. 1269 [now sec. 80.07, Stats.], they lose all jurisdiction of the proceeding."

See also *Miller v. McManus,* 185 Wis. 52, 55, 200 N. W. 684; *State ex rel. Thompson v. Eggen,* 206 Wis. 651, 655, 238 N. W. 404, 240 N. W. 839. The contention as to the presumption is answered by the statement that the award or release of damages is jurisdictional and their absence cannot be remedied by a presumption. *Williams v. Giblin,* 86 Wis. 147, 151, 56 N. W. 645; *Schroeder v. Klipp,* 120 Wis. 245,

253, 97 N. W. 909; *Reed v. Lowe,* 163 Mo. 519, 533, 63 :S. W. 687. So we have a situation where there is no evidence of a proper assessment of damages and there is evidence in the physical facts of the location of the south boundary of the road. It actually exists. The fence has stood on the line where it now stands for a length of time beyond the memory of any living man. If the proceedings were abandoned, and we are of the opinion that we must so hold, a highway by user results and that determines the question in appellants' favor.

There is testimony concerning the changing of the line of the fence on the north boundary of the highway after the town board had taken proper action to reduce the highway to a three-rod road, but that matter is not material here. The location of the road and the years through which it has occupied the same position require a holding that a highway has come into existence by user. The limits fixed by long-existing fence lines prevent a ruling that the appellants' fence is an encroachment or that appellants have not protected their right to the land in question. Where acts relied upon by a town to show the dedication of land to a highway are of a doubtful character and the use and possession of that land over a period of years by a private individual is acquiesced in by the town, the private use is considered conclusive as against the dedication for public purposes. 6 Wait's Actions and Defenses, p. 312, § 11, and cases there cited. In the case at bar there is the actual use of the land as a roadway for a period of about eighty-two years and possession of the land in question on the part of appellants and their predecessors in title. Against that open and outward use of property stands only the confusion of two inconsistent descriptions, one of which cannot be followed because it is inaccurate, incomplete, and vague and the other because it appears in a petition which by the statute must be deemed to have been rejected. The result is that the land inclosed by the fence is owned by appellants and

cannot be taken from them except after the payment of compensation.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.