THREEDY v. BRENNAN et al.

Civ. A. No. 143.

District Court, E. D. Wisconsin.

July 11, 1941.

70

Cornelius R. Palmer, of Chicago, Ill. (Dunn, Aarons & Roemer, of Milwaukee, Wis., of counsel), for plaintiff.

Charles E. Wilson, of Elkhorn, Wis., for defendants.

DUFFY, District Judge.

This is an action commenced July 31, 1939, to enjoin trespass and threats of trespass and invitations to the public to trespass upon the land owned by the plaintiff. The precise question here involved is: Does a public highway exist on that tract of land belonging to the plaintiff, designated on the plat as "Beach"? Plaintiff Threedy represents himself and three other beneficiaries under a trust agreement dated September 14, 1938. All are residents of Illinois. The land in question is valued in excess of $3,000. All of the defendants except John S. Syver are officers of the Town of Linn. The latter is the owner of lots in Wooddale Addition.

In June, 1925, J. Clarke Dean and wife conveyed to John A. Linden a tract of land situated on the south shore of Lake Geneva in the Town of Linn, Walworth County, Wisconsin. To secure the payment of the purchase price, Linden and his wife executed and delivered to Dean a trust deed, in the nature of a mortgage. The tract was thereafter surveyed and platted by Linden, and on April 27, 1926, the plat was approved by resolution of the Town Board of the Town of Linn, and three days later was recorded in the office of Register of Deeds.

At the time that the conveyance was made and trust deed executed, it was contemplated that the real estate involved would be subdivided into ten parcels, each fronting on the lake. On June 27, 1929, Linden, as owner of the fee of Wooddale Addition, and J. Clarke Dean executed another agreement whereby the provisions of the trust deed were modified relative to partial releases. By this agreement certain designated lots, as shown on the plat of Wooddale Addition, were to be released upon the payment of specified sums.

Lots in the new subdivision were sold from time to time, and as to them partial releases from the trust deed were obtained. However, the indebtedness was not paid in full, and in 1932 a foreclosure action was commenced in the Circuit Court of Walworth County. The judgment of foreclosure and sale was filed on July 5, 1933, and on August 25, 1934, the sheriff sold and conveyed to one George A. Kennedy all of the property covered by the trust deed, which included all of the lots and purported roads and highways in the subdivision and tract of land known as "Beach". The sale was confirmed by the Circuit Court on September 17, 1934. Thereafter, on October 29, 1936, George A. Kennedy and wife conveyed the roads and highways in Wooddale Addition to a non-stock, non-profit association composed solely of the property owners in the subdivision. On September 13, 1938, Kennedy and wife conveyed to plaintiff, by quitclaim deed, the lake front area shown on the plat as "Beach".

DIAGRAM SHOWING LOCATION OF BEACH AND BEACH ROAD
IN WOODDALE ADDITION

The accompanying diagram shows that portion of the plat of Wooddale Addition in which the land in question is located. An examination thereof discloses the irregular shape of that part of the area designated as "Beach" and also that section of "Beach Road" which leads into "Beach". It will be noted that the areas designated as roads in this portion of the plat are customarily 40 ft. in width. This is true as to "Beach Road" until it reaches a point about 75 ft. south of the center of the area marked with two circles, which has been described in the testimony as "Turn Around". From that point until it reaches the Turn Around area, the road gradually widens. The plat designates the width of the Turn Around area to be 95 ft. The east boundary of the "Beach" area extends in a comparatively straight line from the Turn Around to the lake shore. The west boundary runs in a straight line in a northwesterly direction until it reaches a point about 30 ft. from the lake shore where it sharply jogs about 50 ft. to the west, and then runs 30 ft. north where it reaches the lake shore.

In 1926 the defendant Gavin was employed in his private capacity as a road constructor to build the "Beach Road" and "Turn Around". He did so, using as his guide therefor the recorded plat of Wooddale Addition. At the outer circumference of the Turn Around on the north side, he erected a number of posts in such a manner that it was impossible to drive an automobile past that point. From time to time thereafter boards were added to these posts, creating a fence. "No Trespassing" signs were posted in the immediate vicinity.

On May 6, 1936, prior to the time when plaintiff purchased the "Beach" property, six freeholders of the Town of Linn filed a petition in the Town Clerk's office, requesting the defendant supervisors to lay out a highway in Wooddale Addition. The petition recited that the highway was designated on the recorded plat as "Lakeview Road", "Beach Road" and "Beach", and also as "Lot A", "Lot B", "Lot C", "Lot V", "Lot W", and that part of "Linden Road" marked "Lot E", except that part of the "Lakeview Road" marked as "Lot X". A notice was duly published to the effect that a meeting would be held at the house of the Town Clerk at a designated hour on May 20, 1936. At the appointed time the supervisors met and, after satisfying themselves that the required notice of the meeting had been given, proceeded with the hearing. On the same day they caused an order to be entered and recorded in the record book of the Town Clerk that the supervisors determine that the highway petitioned for was to be laid out and taken over by the Town. No award of damages was made, nor was a release of damages obtained from anyone.

By order of the supervisors, the highway patrolman of the Town graded the road in question. On June 26, 1936, the fence at the edge of the Turn Around was removed by the Town Assessor, and the following day he mowed the grass on the area between the Turn Around and the shore of the lake. Thereafter some gravel was hauled in and placed in spots which were soft, and a gravel path to the lake was established. A culvert was installed. In 1937 the fence posts which had been removed by the Assessor were replaced by one of the plaintiff's beneficiaries, and in April, 1939, boards were added thereto. The following month the defendant Gavin, acting for the Town, again tore down the fence and warned plaintiff's beneficiaries not to obstruct what he designated as the highway.

The defendant urges that there was a dedication for highway purposes, and an acceptance. The law was early established in Wisconsin that, in order to constitute a valid dedication of a highway to the public, an intention by the owner to so dedicate must be established. Gardiner v. Tisdale, 2 Wis. 153, 193, 60 Am.Dec., 407; Tupper v. Huson, 46 Wis. 646, 649, 1 N.W. 332.

There is nothing on the plat to indicate an intention to designate a public highway in the area between the Turn Around and the lake shore, except possibly the fact that the eastern and western boundaries of the "Beach" area extend toward the lake from the extreme outer edges of the circle at the Turn Around; also, that there is no solid line at the Turn Around to indicate the northern boundary of "Beach Road" (Lot W). The contrary intention is shown by the establishment of the Turn Around itself. Two similar turn around areas are shown in the plat. Each is located at the terminal of a roadway. One is at the northerly end of the Fair Oaks Road, and the other is at the easterly end of Lakeview Road. The same contrary intention is indicated by the erection by the platter of the posts at the Turn Around area which was for the sole purpose of preventing the

use of the "Beach" area as a highway. It is likewise very evident that the platter had something other and different than a road or highway in mind when he used the word "Beach", as distinguished from the words "Beach Road".

▇▇ The evidence discloses that there was some use made of the "Beach" area by owners of land in Wooddale Addition. There can, however, be no dedication to a limited part of the public. A use, restricted to owners of adjoining land, might under certain circumstances become a private way, but no public rights would arise from such use. Tupper v. Huson, supra. Nor can it be said that there was an intention to dedicate the "Beach" area to the general public as a beach. Sec. 236.11 of the Wisconsin Statutes of 1925 provides: "When any map shall have been made, certified, signed, acknowledged and recorded as above in this chapter prescribed every donation or grant to the public * * * marked or noted as such on said plat or map shall be deemed in law and in equity a sufficient conveyance to vest the fee simple of all such parcel or parcels of land as are therein expressed, * * *." There is nothing noted or marked on the plat except the word "Beach". Furthermore, any such attempted dedication of a public beach or ground would be contrary to the provisions of the Lake Geneva Restrictive Agreement, dated August 22, 1910 (Exhibit 4), which covers the property in question. The Supreme Court of Wisconsin has upheld the validity of a restrictive agreement quite similar in its terms (Roberts v. Gerber, 187 Wis. 282, 202 N.W. 701, Id., 194 Wis. 509, 217 N.W. 691.

▇ It must be held that there was not an offer by the platter to dedicate the "Beach" area as a public highway. It follows that the order of the Town Board, dated May 20, 1936, cannot be considered as an acceptance.

▇ Such order, likewise, cannot be considered as an order of condemnation. No award of damages was made. In a very recent case (Town of Buchanan v. Wolfinger, 237 Wis. 652, 298 N.W. 176, page 178), the Wisconsin Supreme Court stated: "There is no evidence of the owners having released the claim for damages in the proceedings, and there is no evidence of any award of damages. * * * It is the law of this state that in order to obtain jurisdiction and retain it, there must be an exact compliance with the requirements of the statute. * * * The rule is expressed * * * as follows: 'If, after the due giving of a valid notice fixing the time for their first meeting, the supervisors do not make and file their decision and award of damages within the time required by section 1269 (now sec. 80.07 Stats.), they lose all jurisdiction of the proceeding.' "

In State ex rel. Van Coulter v. Fadden et al., 209 Wis. 1, 242 N.W. 899, 900, the court said: "* * * The order laying out the highway was concededly irregular, because it did not award damages to the owners of the land which was taken for the public highway. Under the doctrine of McKee v. Hull, 69 Wis. 657, 35 N.W. 49, this irregularity rendered the entire proceeding void. * * *"

▇ The defendants claim that even though the proceedings were irregular, Sec. 80.01(1), Wisconsin Statutes, cures the defect. This section provides: "All highways which shall have been laid out by the supervisors of any town, * * * and recorded, any portion of which shall have been opened and worked for the term of three years shall be deemed to be and are hereby declared to be legal highways so far as they have been so opened and worked, notwithstanding the law may not have been in all respects complied with in laying out the same. * * *" The difficulty is that no such three year user has been established by the evidence herein. The evidence disclosed that the Town did some work on the "Beach" area (usually mowing the grass) in each year beginning in 1936; but such user was not uninterrupted. The erection of a fence across a supposed highway stops the running of the three year statute. Hunter v. Chicago, St. P., M. & O. Ry. Co., 99 Wis. 613, 616, 75 N.W. 977; State v. Halvorson, 187 Wis. 611, 205 N. W. 426.

▇ The defendants cite Sec. 236.09, Wisconsin Statutes of 1925, then in force, which required that subdividers shall cause highways to a lake to be laid and extended to the low water mark and at intervals of not more than one-half mile. They argue that it must be assumed that the platter of Wooddale Addition intended to abide by the law, and that "Beach Road" and "Beach" are the only means of access to the lake, as shown by the plat. However, this court is unable to determine whether this section has any application. The lake frontage of Wooddale Addition is less than one-quarter

mile in length. There is no evidence as to what the highway situation is either to the east or west of Wooddale plat.

Defendants also contend that the proceedings before the Town Board were sufficient under Sec. 80.38, Wisconsin Statutes, which provides: "The town board of any town within which may be situated any village or other plat duly certified and recorded and not included within the limits of any incorporated village, may make an order to be recorded by the town clerk declaring such streets and alleys in such village or other plat as they may deem necessary for the public use to be public highways, without any other survey or description than that made in such recorded plat; provided, that when any six or more freeholders residing within the limits of such village or other plat shall wish any street or streets in such plat to be so declared public highways and opened to public use, such freeholders may apply to the town board of the town for that purpose in the manner provided in section 80.02, upon which application such town board shall make and file an order, within ten days, declaring such streets to be public highways or refusing so to do; * * *." If the six signers of the petition were freeholders residing within the area covered by the plat, and if a proper judicial construction would be that the "Beach" area were intended as a road, then Sec. 80.38 might apply. However, as heretofore determined, it is our opinion that no sufficient intention to designate "Beach" as a public road or highway has been established.

The plaintiff is entitled to injunctive relief against the defendants who are town officers, as prayed for in the complaint.

We will now consider the status of the defendant Syver. Plaintiff strongly contends that any right that he might have as an individual is not an issue in this case. He states in his brief: "The controversy is between the plaintiff and the general public and not between plaintiff and the other owners in the subdivision as such." Plaintiff made Syver a party defendant to this action. He is not and was not an officer of the Town of Linn. The following allegations appear in the complaint with reference to Syver, and are specifically admitted by the answer, to wit: That the defendant Syver is a real estate broker and contractor; that the defendant Syver has an interest in some tracts of land near that of plaintiff; that as the plaintiff is informed and believes, said Syver's tracts do not abut or front on Lake Geneva, and the only way in which Syver, his agents, servants, grantees, or licensees can reach the water is by crossing over the land of others or using a highway which goes to the water edge. Then follows the allegation which is not specifically admitted: "that as plaintiff is informed and believes, said Syver requested his co-defendants, either individually or as officers of the Town of Linn, to enter upon plaintiff's said property, remove the aforementioned fence, and thereby enable said Syver, his prospects and customers, grantees and otherwise, and the general public as well, to cross plaintiff's said tract of land to reach Lake Geneva." Then follows the allegation: "That on or about May 8, 1939, pursuant to the request of the defendant Syver, the defendants, except Syver, either acting individually and personally or for and on behalf of the Town of Linn, and with the knowledge and consent, and for defendant Syver, invaded and entered upon plaintiff's property * * *." The amended answer, in addition to making admissions as hereinbefore indicated, alleges: "Further answering the said complaint, the defendants allege that subsequent to the subdividing and platting of said Wooddale Addition and subsequent to the recording of said plat, the defendant, John S. Syver, relying upon the record of said plat, purchased and accepted conveyances of several lots and parcels of land in said Wooddale Addition, which said lots were sold and conveyed according to descriptions as set forth on said plat, together with the common rights and privileges in the roadways, paths, beaches, and common grounds as shown upon and dedicated by said plat, and that many other lots in said subdivision have been sold and conveyed to various and divers persons by reference to and in reliance upon said recorded plat."

The rights of the defendant Syver as an individual are thus made an issue in this case. While the plat does not demonstrate and prove that the "Beach" area was intended to be dedicated to the general public, certainly it was placed there for some purpose. It was not intended to be a private lot which it was expected would be sold to the general public. The platter knew very well that the lots which did not front on the lake would have very small value if some access to the lake were not provided. The platter intended that the "Beach" area would provide means for

lotholders in Wooddale Addition to reach the lake. He knew that such access would add thousands of dollars to the value of the back lots. While such use might indeed be a violation of the Lake Geneva Restrictive Agreement, yet the plaintiff should be estopped to assert any such defense and to deny the right of the defendant Syver to have access to the lake considering that he purchased his property pursuant to the recorded plat. Even though a sheriff's sale intervened, plaintiff must trace his title and rights to J. Clarke Dean and John A. Linden. When the deed was made by Dean to Linden and the trust deed executed, both parties understood and agreed to the proposition that there would be a subdivision of the lots. After the plat was actually recorded, by specific agreement both Dean and Linden recognized the recorded plat.

It is my opinion that under the circumstances here present, the plaintiff is estopped to deny the right of the defendant Syver to go upon the "Beach" area. McFarland v. Lindekugel, 107 Wis. 474, 83 N.W. 757. No injunctive relief as to him will be granted.