ZBLEWSKI, Respondent, vs. TOWN OF NEW HOPE, Appellant.

*February 9—March 9, 1943.*

452

For the appellant there were briefs by *Fisher, Cashin & Reinholdt,* attorneys, and *Cashin & Dunn* of counsel, all of Stevens Point, and oral argument by *Michael J. Dunn.*

For the respondent there were briefs by *Atwell & Atwell* of Stevens Point, and oral argument by *W. E. Atwell.*

WICKHEM, J.   The findings of the trial court were to the effect that on June 7, 1909, the town of New Hope made and filed an order laying out the road in question; that immediately thereafter such highway was opened, improved, and used by parties residing along the highway; that the road has been traveled by the public for a period of approximately thirty-one years; that the authorities of the town of New Hope have directed the improvement of such highway and have expended town funds thereon for its maintenance during such period; that during the last twelve years at times public funds have been expended by the town of New Hope in the maintenance of this road, and that for more than twelve years last past the highway has been used for public travel and has been open to the public.

As conclusions the trial court found that the road is a public highway and the case a proper one for declaratory judgment.

Several contentions are made upon his appeal.   The first is that plaintiff's remedy should have been by *mandamus,* citing *State ex rel. Thompson v. Eggen,* 206 Wis. 651, 238 N. W. 404, 240 N. W. 839, and *State ex rel. Van Coulter v. Fadden,* 209 Wis. 1, 242 N. W. 899.   We do not deem it necessary to enter into an extended discussion of this contention.   The point has been ruled adversely to defendant in *State ex rel. Young v. Maresch,* 225 Wis. 225, 273 N. W. 225.

The next point made by defendant is that the order of the town board laying out the road was void for the reason that there accompanied this order no assessment of damages or releases as required by sec. 1269, Stats. 1898 (sec. 80.07, Stats. 1939, hereinafter discussed).   We consider that by the provisions of sec. 80.63, Stats., this raises an immaterial issue. The provisions of this section are as follows:

"(1) Any and every street, highway and alley, pier and slip, heretofore or hereafter dedicated or attempted and intended to be dedicated in any plat by any person, or laid out, altered,

changed, vacated or discontinued, or attempted or intended to be laid out, altered, changed, vacated or discontinued by the authorities of any county, town, city or village in this state, shall be taken and held to have been lawfully so dedicated, laid out, altered, changed, vacated or discontinued, as the case may be, from and after the expiration of five years from the date of the deed, instrument, plat, order, resolution or other final proceeding had or taken to effectuate such purpose.

"(2) No defect, irregularity, omission or informality in the execution of any plat or deed of dedication or in any proceedings, order or resolution on the part of the authorities of any county, town, city or village, whether formal or jurisdictional, for the purposes aforesaid, heretofore made or taken or hereafter to be made or taken, shall affect or invalidate such plat, deed, order or resolution or proceeding, after the expiration of five years from the date of such plat, deed, proceeding, order or resolution; provided, however, that the street or alley laid out, altered or changed by such defective, irregular or informal plat, deed, proceeding, order or resolution, shall be limited in length to the portion actually worked and used thereunder.

"(3) Nothing contained in this section shall be taken to change existing requirements of law with reference to streets, alleys or ways by adverse possession or implied dedication."

It is quite apparent that so far as the portion of the road worked and used is concerned, this section settles the case and establishes the duty of the town board to maintain the roadway in a condition proper for travel.

The next question relates to the application of sec. 80.07, Stats., to the facts of the case. This section as it existed in 1939 provides:

"Whenever the supervisors shall lay out, alter, widen or discontinue any highway they shall make and sign an order therefor, incorporating therein a description of the highway so laid out, altered, widened or discontinued, and shall cause an accurate survey thereof to be made when necessary; and such order shall be filed and recorded in the office of the town clerk, who shall note the time of recording the same in the record. Such order, together with the award of damages

hereinafter mentioned, shall be so filed within ten days after the day fixed by their notice or adjournment for deciding upon such application; and in case said supervisors shall fail to file such order and award within the ten days aforesaid they shall be deemed to have decided against such application."

By ch. 277, Laws of 1941, the following amendment was enacted:

"When an order has been filed for more than thirty years and no award of damages or agreement or release has been filed and when the road, or a part thereof, has been used by the public and public money has been expended on such road, for at least five years, it shall be presumed that a release was given by the owners of the lands over which the road was laid out and the municipality shall be entitled to use the full width of the road, as laid out in the order, without further compensation to the present owners."

The amendment went into effect on June 25, 1941, and the case was tried on June 6th, of the same year. It is claimed by defendant that applying sec. 80.07, Stats., as it stood prior to the date of amendment, it must be concluded from the failure to award damages that the supervisors decided against the application. It appears to us that sec. 80.07 has no application in this case, either in its original or in its amended form. The purpose of that section is to compel the supervisors of the town to act upon petitions for the laying out of a highway and to avoid a situation where by complete inaction an appeal might be defeated. The amendment to the statute, as suggested by respondent, may have been enacted to modify the doctrine of *Buchanan v. Wolfinger*, 237 Wis. 652, 298 N. W. 176, but in any event, its only purpose and effect after thirty years have elapsed, and the road has been used by the public and the public money expended for at least five years, is to create the presumption of a release which will entitle the municipality *to the full width of the road without further compensation to the present owners*. This statute does not prevent the opera-

tion of sec. 80.63 in cases where a jurisdictionally defective order has been filed.

We have examined the record and it is clear to us that the highway has been sufficiently worked to enable ascertainment of the portion of it that is to be treated as a town highway and kept in repair and that is all that we consider to be necessary in this case. Whether the town is entitled to the full width of the road under a retroactive application of sec. 80.07, Stats., need not, as we understand the issues, be declared.

*By the Court.*—Judgment affirmed.