JACOBOSKY and another, Respondents, vs. TOWN OF AHNAPEE, Appellant.

*January 21—February 15, 1944.*

*L. W. Bruemmer* of Kewaunee, for the appellant.

For the respondents there was a brief by *Sidney Knutson* of Algoma, attorney, and *W. E. Wagener* of Sturgeon Bay of counsel, and oral argument by *Mr. Wagener*.

ROSENBERRY, C. J.   On May 4, 1871, the following order was entered in the office of the clerk of the town:

"At a meeting of the supervisors of said town of Ahnapee . . . it is ordered that a highway be laid out in said town of the width of four rods, the center line of said highway to commence at the ¼ post on the south side of section 7, town 25, range 25, running thence north on the ¼ line 320 rods to the ¼ post on the north side of said section variation of the magnetic needle 6°, east according to an accurate survey caused to be made by the said supervisors."

The highway as laid out adheres strictly to the description in the order and is verified by old stone monuments, marking

the center line of the highway, which have been a matter of common knowledge to road workers, path masters, and the people of the community in general. No other papers were filed in the office of the town clerk in connection with the laying out of the highway. The highway as laid out was opened from end to end and the public has used the highway since 1871 and public money has been expended thereon for more than five years. Shortly after the filing of the order the plaintiffs encroached upon the highway as laid out by the erection of fences within the highway, inclosing the traveled portion. On May 6, 1942, the defendant served notice on the plaintiffs to remove their fences to a distance of one and one-half rods from the center of such highway. On June 24, 1942, the defendant began work on said highway and at noon on June 25, 1942, an injunction was served on the officers of the defendant town. No evidence exists that there was ever entered by the defendant town any award of damages or agreement for damages or releases or waivers by any of the interested abutting property owners.

By ch. 277, Laws of 1941, there was added to sec. 80.07 of the statutes the following:

"When an order has been filed for more than thirty years and no award of damages or agreement or release had been filed and when the road, or a part thereof, has been used by the public and public money has been expended on such road, for at least five years, it shall be presumed that a release was given by the owners of the lands over which the road was laid out and the municipality shall be entitled to use the full width of the road, as laid out in the order, without further compensation to the present owners."

The town sought to justify under this amendment to sec. 80.07, Stats. The plaintiffs contend that ch. 277, Laws of 1941, is unconstitutional for the reason that as applied in this case it deprives the plaintiffs of their property without just compensation in violation of sec. 13, art. I, of the constitution

of the state of Wisconsin. We do not find it necessary to determine the validity of ch. 277, Laws of 1941.

On May 4, 1871, sec. 86, ch. 152, Laws of 1869, was in force, which provided:

"All highways laid out by the supervisors of any town and recorded, any portion of which shall have been opened and worked for the term of three years, shall be deemed to be and are hereby declared to be legal highways, so far as they have been so opened and worked, notwithstanding the statutes may not have been in all respects pursued in laying out the same...."

Respondents contend that sec. 86, ch. 152, Laws of 1869, is not in force because of the provisions of sec. 58 of the same chapter. That section provided that the supervisors should file the order signed by them in the office of the town clerk. It then provided:

". . . Such order together with the award of damages hereinafter mentioned, shall be made out and filed in the office of the town clerk, within ten days after the day fixed for deciding upon the application for laying out, altering or discontinuing such highway, and in case said supervisors shall fail to file such order and award within the ten days aforesaid, they shall be deemed to have decided against the application."

In this case the order was filed but no award was filed.

Speaking of sec. 80.07, Stats. 1941, which contains the same provision in effect as sec. 58, ch. 152, Laws of 1869, this court said in *Zblewski v. New Hope* (1943), 242 Wis. 451, 455, 8 N. W. (2d) 365:

"It appears to us that sec. 80.07 has no application in this case, either in its original or in its amended form. The purpose of that section is to compel the supervisors of the town to act upon petitions for the laying out of a highway and to avoid a situation where by complete inaction an appeal might be defeated."

It was held that the section did not prevent the operation of sec. 80.63, Stats. 1941.

Sec. 80.63, Stats. 1941, see also sec. 80.01 (1), continues the provisions of sec. 86, ch. 152, Laws of 1869, which in one form or another has been continuously a part of our statutes since 1869. If sec. 80.07 does not prevent the operation of sec. 80.63, then sec. 58, ch. 152, did not prevent the operation of sec. 86, ch. 152. The respective sections are substantially the same.

The respondents also contend that the award of damages not having been filed, the proceeding is void, and cites in support of that contention *State ex rel. Van Coulter v. Fadden* (1932), 209 Wis. 1, 242 N. W. 899, and *Buchanan v. Wolfinger* (1941), 237 Wis. 652, 298 N. W. 176. The conclusion of the court in the cases cited was correct. The board of supervisors having failed to file the award as required by the statute, it could not proceed further because it had lost jurisdiction. However, the effect of sec. 86, ch. 152, Laws of 1869, is not dependent upon further action by the board of supervisors. It depends upon something else, that is, the opening up and working of the highway as laid out by the board of supervisors in its order.

There are some statements in the books to the effect that "laid out" includes the entire process by which the public acquires the right to establish a highway. Such, however, could not have been its meaning in sec. 86, ch. 152, Laws of 1869. "Lay out," as used in the sections referred to, taken in connection with the context of other provisions of ch. 152, was not used in that comprehensive sense. The power to "lay out" a highway upon petition is conferred upon the board of supervisors by sec. 53 of ch. 152. Secs. 54, 55, 56, 57, and 58 prescribe the procedure to be followed. Sec. 84 of the same chapter provides that when the supervisors have laid out a highway through any inclosed, cultivated, or improved land, they shall give the owner or occupant a notice in writing to

remove his fences within a reasonable time. It is then provided:

"And if such owner or occupant shall not remove his fences within the time required in such notice, the supervisors shall cause such fences to be removed, *and shall direct such road to be opened.*"

This section clearly distinguishes between the laying out and the opening of the highway. The term "laid out" is undoubtedly used in different senses in different sections of the statutes.

In *State ex rel. Reynolds v. Babcock* (1877), 42 Wis. 138, 148, the court said:

"It is quite probable that the term 'laid out,' as employed in the statute, is sufficiently comprehensive to include any act or process by which the public obtains the right of way in lands, whether it be by act of the legislature, by order of the board of county supervisors, or town supervisors, by grant, by dedication, or otherwise." *Beyer v. Crandon* (1898), 98 Wis. 306, 310, 73 N. W. 771; *State v. Siegel* (1882), 54 Wis. 86, 11 N. W. 435; *State v. Huck* (1871), 29 Wis. 202, 207. See *Dolphin v. Pedley* (1871), 27 Wis. 469.

A road cannot be opened within the meaning of the statute until the municipality has acquired a right of way in the lands over which the highway will pass. That this is the meaning of the term is indicated by the language already quoted from sec. 84, ch. 152, Laws of 1869. When a board of supervisors has made and filed an order sufficiently describing the proposed highway, it is "laid out" within the meaning of that term as used in sec. 86 of ch. 152. After the fences have been removed from the boundaries of the highway as laid out, the supervisors are empowered to direct the road to be opened. As the statute stood in 1871, it was the duty of the overseer of the highway district in which the laid-out highway was located, to proceed to open it up. So that sec. 86 was applicable to the order of May 4, 1871.

However, it is to be noted that in this case it is not claimed that thére is no highway. The finding of the court is that a highway has been used continuously since 1871 upon which public moneys have been expended for more than five years. The dispute in this case relates to the width of the highway.

The distinction between highways which come into existence by user for twenty or more years and highways created under sec. 86, ch. 152, Laws of 1869, must always be kept in mind. The highway validated by sec. 86 is not a highway by user but a highway as laid out by the supervisors. Nor does the language, "so far as they have been so opened and worked," limit the width of the highway to that part actually worked and traveled. When an order has been made describing the location of the proposed highway and has been duly recorded and the highway has been opened and worked for a term of three years, the statute creates it a highway, and if no award has been made, the owners of the land over which it passes, by acquiescence therein, lose their right to an award. *Tomlinson v. Wallace* (1862), 16 Wis. 238.

This is the effect of the holding in *Zblewski v. New Hope, supra.* The road as "laid out" by the order of the board of supervisors in this case determines the width of the road to be four rods, so it is not necessary to resort to the presumption embodied in ch. 277, Laws of 1941.

The distinction between a highway created by user and one created by opening and working it for a period of five years is sometimes lost sight of. A highway may be created by adverse user at common law without the aid of a statute. *Chippewa Falls v. Hopkins* (1901), 109 Wis. 611, 85 N. W. 553. This matter was dealt with authoritatively in *Konkel v. Pella* (1904), 122 Wis. 143, 99 N. W. 453. The plaintiff in that case was the owner of land on the north side of the highway. In 1872 the county board of Shawano county made an attempt, claimed to be invalid, to lay out a highway which ran east and west and appropriated money to open and work the highway.

The public then commenced to travel approximately upon the line of the road as laid out, but opposite the land owned by the plaintiff, the travel was nearly all to the north of the center line of the section and in several places extended more than two rods to the north of that line by some four or five feet. In only one spot was the inner or south wheel track outside of the two-rod line, and that only a few inches and for a few feet longitudinally. The lands were apparently unfenced at the time the highway was laid out. Subsequently, plaintiff applied to the supervisors as to where they claimed the high-way to be. She was told to build her fence where she pleased so long as it left out the traveled part of the road. She accordingly built a rail fence approximately following the line of travel, which at the nearest point approached the northern wheel track to within one and one-half to two and one-half feet, in other places being eight or more feet distant. The space within what would have been the limits of the highway as described by the order of the county board, lying south of the traveled track and opposite plaintiff's premises, while approximately level, was considerably grown up to brush and was characterized by stones, etc., so as to make travel over it, or indeed turning out to the south, difficult. The town caused this fence to be torn down although for nearly all of the space torn down, it was several feet remote from the traveled track. Plaintiff brought an action for trespass. The court said (p. 147) :

"Some attempt is made to contend that, the original attempt to lay out a highway on the center line of the section having been invalid, this road must be considered one solely by pre-scription, and hence that a strip of land at least wide enough for all the purposes of a highway, including turnouts and the like, if not fully four rods wide, had been acquired by the public, with the traveled track as the center thereof. It may be conceded that where the public, for the statutory period, or for twenty years, have followed a given course of travel with no authority whatever, they have acquired a strip wider

than the mere ground over which the wheels persistently pass. [Cases cited.] The logic of such a conclusion is that the conduct of the public has declared their need for a highway, and that a highway is to consist of space enough not only for a single team to pass along, but for teams to pass each other. This inference, however, fails in a case like this, where, as conclusively appears, the travel commenced with an attempted laying out of a distinct four-rod strip, which in this case was bounded by a line two rods each side of the center line of the section. Under those circumstances no other inference is legitimate than that it is a declaration by the public that they believe such attempt at laying out a highway to have been valid, and that they purpose to use that strip. Their travel generally in accordance with it has no other significance. If legally laid out, it does not work an abandonment of the ground within the legal limits that they deviate slightly therefrom. Hence there is no necessity for an assumption that the travel over a given course which may at places extend close to, or even exceed, the legal limits, is intended to claim what might be necessary for general purposes of a highway beyond those limits, at least in excess of the actual physical occupation."

In the case at bar as in *Konkel v. Pella, supra,* the highway is a statutory highway, not a highway by user.

In this case a diagram, the accuracy of which is conceded, shows that the traveled track is wholly within the limits of the four-rod strip as laid out by the board of supervisors. It is considered that the trial court was in error in awarding judgment enjoining the defendant town from proceeding to open the highway to its full width. In the notice given by the defendant to the plaintiffs, the plaintiffs are notified to—

"remove their fences within the bounds of said highway within the distance of one and one-half rods from the center of such highway."

The highway as laid out is four rods in width and the defendant town is entitled to occupy the entire strip for highway purposes.

It seems appropriate to make some comment upon the case of *Buchanan v. Wolfinger* (1941), 237 Wis. 652, 656, 298 N. W. 176, which is cited and relied upon by both parties to the controversy. *Buchanan v. Wolfinger* resembles the case at bar in a number of respects. There is, however, one fundamental difference in the two cases. In that case the court made the following comment upon the order which had been filed laying out the highway in question:

"Certainly the order cannot be used as the basis for rerouting the highway now because of its indefiniteness. So if either description is to be followed, it would be that in the petition. But that too is impossible because of the failure to file with the town clerk an award or release of damages along with the order as required by statute."

The opening of a highway described in a petition does not come within the statute. The statute refers to the order filed by the town board. In *Buchanan v. Wolfinger, supra,* the order was fatally defective. While the error was apparent and could have easily been corrected by reference to the petition, the statute gives no effect to the petition.

In *Buchanan v. Wolfinger, supra,* comment is made upon the provisions of secs. 58 and 60, ch. 19, R. S. 1858. This section became sec. 58, ch. 152, Laws of 1869. The last clause of the section provided:

"In case said supervisors shall fail to file such order and award within the ten days aforesaid, they shall be deemed to have decided against the application."

In *Zblewski v. New Hope, supra,* attention was called to the fact that it was the purpose of this clause to give a right of appeal in cases where the town board failed to act. The failure of the town board to file an award or release of damages did not do away with the order which the town board had made and recorded. Sec. 86, ch. 152, Laws of 1869, deals with the

order, and while the town board had lost jurisdiction, its order remained on file and when the highway was opened up it becomes a statutory highway under the provisions of sec. 86.

The defendant in its answer counterclaimed for damages. The counterclaim was dismissed by the judgment. This was error. We make no comment on this branch of the case. There is no bill of exceptions, hence the evidence is not before us. The case is here on the pleadings and findings. Upon the conclusion reached by the trial court there was no basis for the counterclaim and for that reason it was not considered.

*By the Court.*—The judgment appealed from is reversed, and cause remanded for further proceedings in accordance with this opinion.