LAUERMAN, Appellant, vs. PEMBINE-MISCAUNO POND ASSOCIATION and others, Respondents.

*June 10—July 1, 1947.*

· *E. B. Martineau* of Marinette, for the appellant.
*N. B. Langill* of Marinette, for the respondents.

FOWLER, J.    The action is ejectment.    An old logging road commonly called the Miscauno-Pond road was made over fifty years ago by loggers and for nearly or quite that long has not been used for any logging or any other purpose except by fishermen and hunters to hunt and fish.    It led to a dam on the land owned by a nonprofit corporation organized to secure to the members of the corporation exclusive privilege in fishing waters.    The plaintiff brings the action against the town board and officers of the town in which the road is located and the corporation and its members, to "recover possession" of the land owned by him occupied by the road.    The plaintiff's land is wild cutover land and the Miscauno pond and the Miscauno creek on which the dam is located are good fishing waters.    The plaintiff makes no use of the land except to fish in its waters.    The plaintiff had executed a lease running for ten years to the defendant corporation, the purpose of which was to secure to the members of the corporation passage through his land and thus secure to them fishing privileges in Miscauno pond and creek.    The lease expired before commencement of the suit.    After termination of the lease the members of the corporation continued to use the road; they invited friends to use of their property and their friends did use it for fishing purposes; and there was use by the public of the road to reach the pond.    Some time before commence-

ment of the suit the plaintiff had constructed a gate across the road, which the town board had removed. The plaintiff supposed the gate was located on his own land but it had mistakenly been placed south of the line of his land on land owned by Marinette county. A map of some kind was used on the trial and introduced in evidence which no doubt showed the general location of the road and the pond and creek, but it was not incorporated in the bill of exceptions. Neither were the deeds to plaintiff's land which were received in evidence incorporated in the bill of exceptions. As defendants make no claim before us and offered no evidence to dispute plaintiff's title under his deeds, we assume from undisputed evidence, the allegations of the amended complaint and the recitals of the resolution that forms the basis of the defendants' claim, in absence of specific findings of the trial judge on the points, that the Miscauno-Pond road lead to Miscauno pond. We assume also that the plaintiff owns the northwest quarter of the southwest quarter, the south half of the southwest quarter and the southwest quarter of the southeast quarter of a certain section 16 in the defendant town; that an east-and-west town trunk road lies a short distance south of the section line between said section 16 and section 21 adjacent on the south; that where such purported highway crosses the town road is shown on the sketch printed herewith by X-1 and where it crosses the line between sections 16 and 21 is shown by X-2; that the Miscauno pond is somewhere on the northeast quarter of the southwest quarter of said section 16; that the purported highway extends from X-2 northerly in a winding way to the Miscauno pond; and that the Miscauno-Pond creek runs through the pond and somewhere through the south half of the southeast quarter of section 16. In the margin is set forth the resolution forming the basis of defendants' claim.[1]

---

[1] *Town Board Resolution:*
Whereas: The highway known as the Miscauno-Pond road and which intersects the town of Beecher county road running from State Trunk Highway 57 to the Nathan bridge at a point south of the sec-

The case went on trial before a jury. At the close of the testimony the defendants moved for a directed verdict. The court reserved ruling on the motion and submitted to the jury

Sec. 16, Twp. 36 N. R. 21 E.

NE SW

NW SW

Pond

Miscauno Pond Road

Creek

X-2

NW NW

NE NW

X-1

Town Road

North half of sec. 21, Twp. 36 N. R. 21 E.

SW NW

SE NW

tion line between sections sixteen (16) and twenty-one (21), township thirty-six (36) north, range twenty-one (21) east and thence north crossing the above-mentioned section line about thirty (30) or forty (40) rods east of the west one-eighth (⅛) line stake on the section line between sections sixteen (16) and twenty-one (21). And thence through the northeast quarter (NE¼) of the northwest quarter (NW¼) of section twenty-one (21) and the southeast quarter (SE¼) of the southwest quarter (SW¼) of section sixteen (16), both in township thirty-six (36) north, range twenty-one (21) east

a single question which had been requested by the plaintiff before the introduction of his evidence. The question and answer are as follows:

Question: "Was the road known as the Miscauno-Pond road worked by the town of Beecher for three years between the time of improvement in 1937 and September 25, 1945?" Answer: "Yes."

Sec. 270.28, Stats., provides that in this situation each controverted matter essential to sustain the judgment not brought to the attention of the court omitted from the verdict shall be deemed to be determined by the court in conformity with the judgment. Thus the sole question before the court is—Does the finding of the jury support the judgment of the court which dismissed the plaintiff's complaint on the merits? At the time the motion was made the trial judge orally found as fact that the Miscauno-Pond road did not become a public highway by "right of user," and that work had not been done on such road for ten years, and thus such road had not become a public highway under sub. (2) of sec. 80.01. He also found that the resolution purporting to establish such road was duly made and filed of record on August 7, 1926. He made no other specific formal findings but set out in a written decision the resolution of the town board and his view of the case. He was of opinion that the Miscauno-Pond road became a public highway under the finding of the jury and the curative provision of

in a northerly direction winding route to the Miscauno-Pond dam site in the northeast quarter (NE¼) of the southwest quarter (SW¼) of section sixteen (16), township 36-21:

And whereas: as this highway has been used by the local public for more than thirty (30) years and public moneys spent on this highway from time to time and the town board of the town of Beecher, deeming this highway a public necessity and convenience do hereby in regular session of the town board of the town of Beecher, this seventh (7th) day of August, 1926, establish the above-described highway and order it to be added to the town highway system of the town of Beecher and the town clerk is hereby ordered and authorized to make the proper record of the same.

sec. 80.01 (4). He considered that *Zblewski v. New Hope,* 242 Wis. 451, 8 N. W. (2d) 365, and *Jacobosky v. Ahnapee,* 244 Wis. 640, 13 N. W. (2d) 72, supported his conclusion. He was correct in so concluding unless they fail to reach the proposition that if the resolution does not definitely describe the location of the highway it purports to establish, including its course as well as the point of its beginning and its end, it fails to establish any highway and is thus entirely ineffectual. In each of the cases cited this court construed the clause in the resolution involved, "do hereby . . . establish the above-described highway," the effect to "lay out" the highway within the meaning of sec. 80.02 giving to town boards the power to lay out highways and also construed it as curing the want of evidence of a petition asking for the laying out of a highway and apparently by inference cured want of evidence of doing anything else by the town board required by ch. 80, Stats., except as indicated in subs. (1) and (4) of sec. 80.01. However, each of the descriptions of the resolutions involved in the cases cited by the trial judge described the course of the proposed highway and correctly indicated its actual course. But the particular description in the instant resolution does not describe any highway. It does not describe any possible course. Its terms are nugatory. The starting point is definitely fixed by the description. The proposed highway goes thence north crossing the section line between sections 16 and 21, thirty or forty rods east of the east one-eighth line stake between sections 16 and 21; it goes thence northerly in a winding route through three forties of section 21 and the southeast quarter of the southwest quarter of section 16 to the Miscauno dam site in the northeast quarter of the southwest quarter of section 16. But section 21 is south of section 16. It is impossible to go northerly from where the logging road crosses the section line through three forties of section 21.

The plaintiff contends, in effect, that because the particular description does not describe any possible route the resolution

did not establish a highway, and that sub. (4) of sec. 80.01, Stats., and the fact found by the jury did not make it one because sub. (4) is not creative and anyhow it cannot make anything out of nothing. So stated the proposition is at first blush almost persuasive. But the trial court was of opinion not only that the finding of the jury under sub. (4) cured the insufficiency of the description in the resolution, but that the description as a whole was sufficient because the two ends of the highway being definitely fixed, a surveyor would be able from the resolution to find the starting point and to follow the course of the road to its end and mark the side limits of its use.

We consider that the court was correct on his second proposition. This requires affirmance of the case whether the abstract proposition that if a resolution fails so to describe the course of a highway that it cannot be located by a surveyor the failure cannot be cured by compliance with sub. (4) of sec. 80.01, Stats. From consideration of the resolution as a whole it appears that its controlling and really effective portion taken in connection with what goes before is comprised in what follows the second "whereas." Reduced to its effective terms the resolution establishes the road commonly known as the Miscauno-Pond road from the point where it crosses the county trunk road, which is definitely fixed and readily ascertainable, to the Miscauno dam site as a public highway. As the trial judge states in his opinion, a surveyor could follow the course and determine the side limits of the road from that point on. Anybody could both find and follow the road from what the description contains. The description is moreover correct if there be disregarded the period and the two words "and thence" next following in the phrase "between sections sixteen and twenty-one" in the paragraph following the first "Whereas." The court in construing statutes, and with at least equal reason in construing resolutions of town boards, may disregard punctuation and a word or phrase if thereby the meaning is made plain. *Morrill v. State,* 38 Wis. 428;

*Jorgenson v. Superior,* 111 Wis. 561, 87 N. W. 565; *Palms v. Shawano County,* 61 Wis. 211, 21 N. W. 77; *State ex rel. City C. Co. v. Kotecki,* 156 Wis. 278, 282, 146 N. W. 528, and cases there cited.

The plaintiff contends that the finding of the jury is not supported by the evidence and the court should for that reason have ordered a new trial. We consider that the finding is amply supported and pass the point without detailing the evidence.

*By the Court.*—The judgment of the circuit court is affirmed.