GREEN BAY & WESTERN RAILROAD CO., Petitioner-Respondent,

v.

TRANSPORTATION COMMISSION OF WISCONSIN, Respondent-Appellant.

Court of Appeals

*No. 84–699. Submitted on briefs October 22, 1984.—
Decided February 5, 1985.*
(Also reported in 365 N.W.2d 909.)

For the appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and

*Daniel D. Stier,* assistant attorney general, assisted by *Jeanne Morris,* law clerk.

For the respondent the cause was submitted on the brief of *Anderson, Fisher, Shannon, O'Brien & Rice* and *Daniel G. Golden,* of Plover.

Before Cane, P.J., Dean and LaRocque, JJ.

LAROCQUE, J. The Transportation Commission of Wisconsin appeals a judgment holding that it lacks jurisdiction to regulate railroad crossings of two snowmobile trails in Trempealeau and Jackson Counties. The commission has the authority to regulate railroad crossings of highways. Section 195.29(1), Stats. The sole issue is whether the snowmobile trails are "highways" within the meaning of sec. 195.29(1). Because we conclude that they are not, we affirm the judgment.

Trempealeau County and Jackson County each petitioned the Public Service Commission to install railroad crossings where the snowmobile trails cross the Green Bay and Western Railroad tracks. At the time, the PSC was responsible for establishing new crossings, although the Transportation Commission has since become responsible for such determinations. After a sec. 195.04, Stats., hearing, the commission ordered the installation of signs and whistle posts at the railroad crossings to protect snowmobilers. In its ch. 227, Stats., review of the commission's order, the circuit court held that the commission lacked jurisdiction to regulate railroad crossings of public snowmobile trails. We agree.

Chapter 195 does not permit the commission to regulate private crossings. Unless the snowmobile trails are highways, the commission lacks jurisdiction. *See* sec. 195.29(1), Stats. The parties dispute which definition of highway, sec. 990.01(12), Stats., or sec. 340.01(22), Stats., defines highway for purposes of sec. 195.29(1). We need not decide this. Under each definition, the issue is whether the snowmobile trails are "public ways."

The transient nature of the public's right to use the trails prevents them from being "public ways." The commission found that "other than use by the general public for snowmobiling, the roads are used only by the owners and those having permission of the owners on a year-round basis." The trails cross the railroad tracks at existing private farm crossings. The landowners grant easements to permit snowmobilers to use the farm roads as snowmobile trails during the winter season. Although the commission did not make a finding of fact on the term of the easements, the record contains testimony that the easements have a maximum five-year term and the landowner is not required to renew the easement at the end of the term.

The snowmobile trails are also not established in a mode recognized in Wisconsin for establishing highways. There are three modes of creating highways: adverse use or prescription, *Jacobosky v. Town of Ahnapee,* 244 Wis. 640, 646, 13 N.W.2d 72, 75 (1944) ; common law dedication, *Poynter v. Johnston,* 114 Wis. 2d 439, 447–48, 338 N.W.2d 484, 489 (1983) ; and statutory dedication, ch. 80, Stats. None of these apply to the snowmobile trails. The snowmobilers do not use the trails adversely to the landowners' interests, the landowners do not have an intent of absolute and complete dedication, *see Poynter,* 114 Wis. 2d at 448, 338 N.W.2d at 489, and the trails have not been laid out in compliance with ch. 80.

*By the Court.*—Judgment affirmed.